**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES TUCCORI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| AT WORLD PROPERTIES, LLC, | ) | (Cook County Case No. |
| | ) | 2023CH09928) |
| Defendant, | ) | |

**NOTICE OF REMOVAL**

Defendant, At World Properties, LLC, d/b/a @properties ("@properties") hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, from the Circuit Court of Cook County, Illinois, in which court the cause is currently pending, to the United States District Court for the Northern District of Illinois ("Notice of Removal"). In support of this Notice of Removal, @properties states as follows:

**I.    BACKGROUND**

1. On December 8, 2023, plaintiff James Tuccori ("Tuccori") filed a Complaint against @properties in the Circuit Court of Cook County, captioned *James Tuccori v. At World Properties*, Case No. 2023CH09928 (the "State Court Action").

2. Attached as Exhibit A is a true and correct copy of the docket from the State Court Action. Attached as Exhibit B is a true and correct copy of the Complaint filed in the State Court Action.

3. As alleged in the four-count Complaint, Tuccori purchased a home using a buyer-agent affiliated with @properties and that home was listed on a Multiple Listing Service ("MLS"). Ex. B, ¶ 25. Tuccori alleges that he paid a higher price for his home as a result of a anticompetitive

conspiracy involving over a million real estate agents, thousands of brokerages, and various other entities, including @properties. *Id*. at ¶¶ 1-2.

4. Tuccori seeks to represent a putative class defined as

> **Nationwide Class**: All persons who, from March 17, 2000 through the present, purchased in the United States residential real estate listed on a NAR MLS in a transaction with a buyer-agent and/or seller-agent employed by or otherwise affiliated with Defendant or any of its franchisees, subsidiaries, agencies or otherwise affiliated entities.
>
> **Illinois Subclass:** All persons who, from March 17, 2000 through the present, purchased in the state of Illinois residential real estate listed on a NAR MLS with a buyer-agent and/or seller-agent employed by or otherwise affiliated with Defendant or any of its franchisees, subsidiaries, agencies, or otherwise affiliated entities.

*Id*. at ¶ 107.

5. Among the claims asserted in Tuccori's Complaint is a count alleging that @properties violated Section 1 of the Sherman Act, 15 U.S.C. § 1. *Id*. at ¶¶ 115-125.

6. Defendant @properties denies any liability whatsoever under both Count I and the other Counts.

## II. REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b).

7. While Tuccori failed to properly effectuate service on December 11, 2023, even if service was proper in the State Court Action, this Notice would be timely pursuant to 28 U.S.C § 1446(b) in that it is being filed within thirty (30) days of receipt by @properties of a copy of the Complaint filed in the Circuit Court of Cook County. Exhibit C, Summons Delivered by Special Process Server on December 11, 2023.

8. Accordingly, removal is timely.

### III. THE COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331.

9. This Court has federal question jurisdiction over the State Court Action under 28 U.S.C. § 1331 as Tuccori alleges that @properties violated the Sherman Act, 15 U.S.C. § 1. Ex. B, ¶¶ 115-125.

10. This Court has supplemental jurisdiction over Tuccori's state law claims consistent with 28 U.S.C. § 1367, 1441(c), and general principles of supplemental jurisdiction.

### IV. THIS COURT ALSO HAS JURISDICTION UNDER 28 U.S.C. §§ 1332, 1453.

11. As set forth below, this Court has jurisdiction over the State Court Action under the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

12. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2), because: (i) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); and (ii) at least one member of the putative class is a citizen of a state different from any defendant.

#### a. The Minimal Diversity Of Citizenship Requirement Is Satisfied.

13. At the time Tuccori commenced this action against @properties in the State Court Action, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

14. CAFA provides that the minimal diversity requirement is met if any member of a putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

15. Here, this requirement is met for purposes of diversity jurisdiction as @properties is a citizen of a different state than members of the nationwide class. Tuccori alleges a nationwide class of individuals that is greater than the Illinois sub-class, meaning it includes non-citizens of Illinois. *Id*. at ¶ 107. The Complaint identifies a nationwide class involving tens of thousands, if

not hundreds of thousands, of members of the Class and Subclass and comprising of individuals who "Purchased in the United States residential real estate listed on a NAR MLS in a transaction with a buyer-agent and/or seller-agent employed by or otherwise affiliated with Defendant or any of its franchisees, subsidiaries, agencies, or otherwise affiliated entities." *Id*. at ¶¶ 107, 109. Thus, the putative Nationwide Class, as alleged, is not limited to citizens of Illinois. *Id.*

16. For purposes of CAFA, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *City of E. St. Louis, Illinois v. Netflix, Inc*., 83 F.4th 1066, 1071 (7th Cir. 2023).

17. @properties is an Illinois limited liability company with its principal place of business in Cook County, Illinois. *Id*. at ¶ 26. *See also* Illinois Secretary of State Record attached as Exhibit D.

18. Because @properties is a citizen of states other than the state of citizenship for at least some of the plaintiffs in the nationwide class, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

### b. The Amount In Controversy Requirement Under CAFA Is Satisfied Because The Aggregate Amount In Controversy Exceeds $5,000,000.

19. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11). Tuccori's claims meet the jurisdictional threshold set forth in § 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

20. A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide*

4

*Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id*. at 448–49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). To the extent that, a complaint fails to plead a specific amount of damages or disclaim an amount of damages of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Colon v. Dynacast, LLC*, 20-CV-3317, 2021 WL 492870, at *2 (N.D. Ill. Feb. 10, 2021) (calculating the amount in controversy by multiplying the number of class members by the maximum statutory damages afforded for each purported BIPA violation).

21. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) ("[N[o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

22. Tuccori alleges there are "at least tens of thousands, if not hundreds of thousands, of members of the Class and Subclass," and "Plaintiff and the other Class and Subclass members have suffered significant monetary damages, each incurring thousands of dollars in excess commission fees, due to Defendant's engagement in the conspiracy." *Id*. at ¶¶ 23, 109. Thus, Plaintiff expressly alleges damages in an amount of at least $10 million (i.e., 10,000 x $1,000).

23. Thus, based upon the allegations of the Complaint, the amount in controversy threshold is satisfied for purposes 28 U.S.C. § 1332(d)(6).

## V. @PROPERTIES SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1441(A).

### a. Venue is Proper

24. Venue is proper under 28 U.S.C. § 1441(a) because this action is pending in the Circuit Court of Cook County, Illinois, which is within the division of this Court.

25. Filing in the Eastern Division is proper because this case is removed from Cook County, which is within the Eastern Division of the Northern District of Illinois.

### b. State Court File

26. Pursuant to 28 U.S.C. 1446(a), true and correct copies of all process, pleadings, orders, and documents served on @properties in the State Court Action are attached hereto as Exhibit E.

27. After filing this Notice of Removal, @properties will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d).

## VI. NON-WAIVER OF DEFENSES

28. By removing this action from the Circuit Court of Cook County, @properties does not waive any defenses available to it. By removing this action from the Circuit Court of Cook County, @properties does not admit any of the allegations in Tuccori's Complaint.

29. Defendant @properties reserves its right to amend or supplement this Notice of Removal.

**WHEREFORE**, At World Properties, LLC, respectfully removes the above-captioned action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois.

Dated:   January 5, 2024

Respectfully submitted,
By: /s/ Robert J. Palmersheim

Robert J. Palmersheim
Molly K. McGinley
Timothy G. Parilla
Honigman LLP
155 N. Upper Wacker Drive
Suite 3100
Chicago, Illinois 60606
(312) 701-9300
rpalmersheim@honigman.com
mmcginley@honigman.com
tparilla@hongiman.com

*Attorneys for Defendant*
*At World Properties, LLC*

## **CERTIFICATE OF SERVICE**

I, Timothy G. Parilla, an attorney, hereby certify that on January 5, 2024, I caused a true and correct copy of the foregoing document to be served via email and first class mail upon the following:

>Evan Meyers (emeyers@mcgpc.com)
>Paul T. Geske (pgeske@mcgpc.com)
>Brendan Duffner (bduffner@mcgpc.com)
>McGuire Law, P.C.
>55 W. Wacker Drive, 9th Floor
>Chicago, Illinois  60601


/s/ Timothy G. Parilla