UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Tuccori, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | No. 24 CV 150 |
| v. | Judge Lindsay C. Jenkins |
| At World Properties, | |
| *Defendant*. | |

**Memorandum Opinion and Order**

This order resolves Plaintiffs' motion to consolidate, *see* dkt. 52, which is granted for the reasons discussed below.

Seven Plaintiffs[1] in seven separate cases seek consolidation under Federal Rule of Civil Procedure 42(a). After granting Plaintiffs' motion to reassign on relatedness grounds under Local Rule 40.4, all seven cases were assigned to this court. [Dkts. 43, 51.] The seven pending cases are: *Tuccori v. At World Properties*, No. 1:24-cv-00150; *Maslanka v. Baird & Warner, Inc.*, No. 1:24-cv-02399; *Hartz v. Real Estate One, Inc.*, No. 1:24-cv-03160; *Wallach v. Silvercreek Realty Group LLC*, No. 1:24-cv-3356; *Lopez v. NextHome*, Inc., 24-cv-11735 ("*Lopez I*"); and *Zawislak v. Equity Realtors, L.L.C. d/b/a Equity Real Estate*, No. 24-cv-9039; *Lopez v. Jennifer Ames Chicago, Inc.*, 1:25-cv-04207 (N.D. Ill.) ("*Lopez II*").

In each case, Plaintiffs generally raise allegations of anti-competitive practices by real estate brokers, brokerage franchisors, and other real estate companies arising from residential real estate transactions. According to Plaintiffs, each of the sixteen Defendants conspired with the National Association of Realtors, a national trade association, by adopting and enforcing rules, policies, and practices that apply to homes listed for sale on NAR's Multiple Listing Service, a database that provides agents and brokers with access to listings. The alleged practices include, for example, concealing the commission split between the agents; permitting buyer agents to falsely represent that their services were free; restricting or eliminating the ability to change the buyer agent commission after a purchase offer was made; and limiting access to lockboxes. In the end, Plaintiffs say, these practices resulted in sellers paying concealed and/or artificially inflated commissions.

---

[1] Plaintiffs are James Tuccori, Mary Maslanka, David Freifeld, Matthew Hartz, Janet Wallach, Courtney Foregger, Kevin Cwynar, Dawid Zawislak, Michael D'Acquisto and Alejandro Lopez.

1

Tuccori's class action complaint brings claims for unjust enrichment and violations of the Sherman Antitrust Act, 15 U.S.C. § 1, the Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* [Dkt. 1-2, ¶ 1-2, 10-22, 34-46.] The remaining cases raise (or raised) the same or similar allegations under the Sherman Antitrust Act and under state law.

As noted, the court granted Plaintiffs' unopposed motion to reassign the cases as related. [Dkts. 43, 51.] Plaintiffs now seek to consolidate the cases. Two Defendants object: HomeSmart International, LLC and Fathom Realty, who are each named as Defendants in *Zawislak*.[2]

*Legal Standard*

Federal Rule of Civil Procedure 42(a) allows the court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is meant to promote judicial efficiency, but cases should not be consolidated if prejudice to any of the parties outweighs the value of increased efficiency. *Westfield Ins. Co. v. Indem. Ins. Co. of N. Am.*, 2017 WL 7803767 at *2 (C.D. Ill. Mar. 7, 2017). Consolidation can be ordered where there is a risk of inconsistent rulings. *Id.* at *2. A district court's decision granting or denying a motion to consolidate is reviewed for an abuse of discretion. *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

*Analysis*

Consolidation of all seven cases is warranted here because the factual and legal issues of the cases significantly overlap. All seven cases generally concern anti-competitive practices that Plaintiffs allege resulted in inflated commissions, including policies requiring seller agents to make blanket offers of compensation to buyer agents regardless of experience, limitations on buyer-agent commissions, and mechanisms that permit buyer agents to falsely represent that their services are free. [Dkt. 53 at 5-6.] All seven cases involve common legal and factual questions concerning, among other things, the existence of an antitrust conspiracy under the Sherman Act, whether the challenged policies amount to unlawful restraints on trade, whether commissions were in fact impacted by the practices described, and whether the Defendants' conduct violated applicable state antitrust or deceptive practices laws.

Defendants HomeSmart and Fathom do not seriously argue otherwise, but they do oppose consolidation for a few other reasons. First, they say that consolidating is inappropriate because there is no new operative pleading in *Zawislak* following

---

[2] Defendant Live & Play LLC d/b/a Engel & Voelkers Chicago, a party to *Lopez I*, has not taken a position on the motion.

dismissal of the first amended complaint without prejudice in July. [Dkt. 61 at 4-5.] Second, they maintain that Zawislak's claims as originally pled differ in some respects from the claims raised in other cases. For example, the *Malsanka* plaintiffs pursue class action claims on behalf of both buy-side and sell-side clients, whereas *Zawislak* involves only buy-side claims. And *Wallach* and *Hartz* raise claims under Idaho and Michigan statutes, whereas *Tuccori,* and *Lopez I* and *II* raise Illinois state law claims. [Dkt. 61 at 2-3, 5.]

These differences do not make consolidation inappropriate. Claims need not "neatly overlap" to warrant consolidation. *Brunner v. Jimmy John's*, LLC, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016). Rather, Rule 42 requires only "*a common issue of law or fact.*" Rule 42(a) (emphasis added). Here, all seven cases concern brokerages, brokerage franchisors, and other real estate companies alleged efforts to inflate real estate commissions paid to brokers. *Zawislak*'s first amended complaint raised claims in this vein under the Sherman Act and the Illinois antitrust and deceptive practices acts. And while it is true that the *Malanska*, *Wallach* and *Hartz* cases vary slightly in their focus, the court has no trouble concluding that all the cases involve at least one common question of law and of fact.

As to the argument that consolidation is premature because *Zawislak* has not yet filed a second amended complaint, it is true that the court granted *Zawislak* additional time to file his amended pleading. But the court did so with the intent of resolving the consolidation and reassignment questions first. [*Zawislak*, No. 24-cv-9039, Dkt. 79.] Indeed, to have required *Zawislak* to amend his pleading before deciding whether consolidation was appropriate would only inject more inefficiency into the case. Had *Zawislak* filed a second amended complaint, Fathom and HomeSmart would have filed another motion to dismiss, which would have been rendered moot by an amended consolidated complaint. In this way, *Hobbs v. Haaland* on which Defendants rely is distinguishable. 2025 WL 506660, at *6 (E.D. Wis. Feb. 14, 2025) (denying without prejudice plaintiff's motion to consolidate, noting that defendants were "entitled to resolution of their motion to dismiss before the court considers a motion to consolidate filed eighteen months after the defendants filed their motion to dismiss.")

The court agrees with Plaintiffs that consolidation will result in a substantial savings of judicial time and effort. Thirteen of the sixteen Defendants have reached a global settlement with all the Plaintiffs, so consolidation will avoid the need to file separate preliminary approval motions in each case; to proceed otherwise would waste everyone's time and resources. And though HomeSmart and Fathom have made their intent to litigate clear, they can do so in the consolidated case with as much efficiency as they could in the *Zawislak* case. The remaining parties can proceed with a global settlement. In this way, the court fails to see how consolidation would unfairly prejudice HomeSmart or Fathom.

Finally, consolidation will help streamline the cases and allow the court to conserve substantial resources by avoiding the potential for inconsistent rulings on important issues and, if necessary, allow the court to try any claims that remain together. *Tipsword v. IFDA Servs., Inc.*, 2010 WL 1521612, at *1 (S.D. Ill. Apr. 14, 2010).

## Conclusion

The motion to consolidate is granted under Rule 42(a). The *Tuccori* case will be the lead case and all future filings will occur in this case. The court will separately set a date for filing an amended consolidated complaint and a responsive pleading deadline.

Enter: 24-cv-150  
Date:　October 22, 2025

_____  
Lindsay C. Jenkins  
United States District Court Judge