**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TUCCORI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AT WORLD PROPERTIES, LLC, *et al.*,<br><br>Defendants. | Case No. 24-cv-00150<br><br>Hon. Lindsay C. Jenkins |

**REPLY IN FURTHER SUPPORT OF FATHOM REALTY, LLC AND HOMESMART INTERNATIONAL, LLC'S JOINT MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**


I. Home Buyers' Federal Antitrust Claim Should Be Dismissed as Plaintiffs Do Not Have Standing and Their Request for Relief Is Moot (Count I). ........................................ 1

II. Plaintiffs' Illinois Antitrust Act Claim Suffers Threshold Flaws (Count II). ...................... 4

III. Plaintiffs Fail to Plead that Fathom or HomeSmart Joined Any Anticompetitive Conspiracy (Counts I and II)........................................................................................ 6

IV. Plaintiffs Failed to State a Claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III) for Deceptive or Unfair Conduct. .............. 11

V. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count IV). ................................. 14

VI. Plaintiffs' State Law Claims Are Time Barred (Counts II, III, IV). ................................. 14

VII. The Complaint Should Be Dismissed with Prejudice. ...................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Living of Metro. Chicago v. Uber Technologies, Inc.*,
958 F.3d 604 (7th Cir. 2020) ....................2

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) ....................3

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,*
499 F.3d 663 (7th Cir. 2007) ....................15

*Bank of Am., N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013) ....................9

*Batton v. Nat'l Ass'n of Realtors*,
2024 WL 689989 (N.D. Ill. Feb. 20, 2024) .................... *passim*

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................7, 8, 9

*Benson v. Fannie May Confections Brands*,
944 F.3d 639 (7th Cir. 2019) ....................11

*Bobrowicz v. City of Chicago*,
522 N.E.2d 663 (Ill. 1988) ....................4

*Bost v. Illinois State Bd. of Elections*,
114 F.4th 634 (7th Cir. 2024) ....................2

*Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*,
No. 16 CV 06113, 2017 WL 4269005 (N.D. Ill. Sept. 26, 2017) ....................7

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011) ....................14

*Diamond Sawblades Mftrs. Coalition v. Diamond Tools Tech.*,
504 F. Supp. 3d 927 (S.D. Ind. 2020) ....................11, 12

*In re Copaxone Antitrust Litig.*,
No. 2:22-CV-1232, 2025 WL 2771874 (D.N.J. Aug. 7, 2025) ....................5

*Davis v. Hanna Holdings, Inc.*,
771 F. Supp. 3d 552 (E.D. Pa. 2025) ....................1, 2, 13

*In re Effexor Antitrust Litig.*,
357 F. Supp. 3d 363 (D.N.J. 2018) .......................................................................4, 5

*Leeder v. Nat'l Ass'n of Realtors*,
601 F. Supp. 3d 301 (N.D. Ill. 2022) .......................................................................3

*Looper Maintenance Service Inc. v. City of Indianapolis*,
197 F.3d 908 (7th Cir. 1999) .......................................................................15

*Naperville Smart Meter Awareness v. City of Naperville*,
114 F. Supp. 3d 606 (N.D. Ill. 2015) .......................................................................15

*Marion Diagnostic Ctr. v. Becton Dickinson & Co.*,
29 F.4th 337 (7th Cir. 2022) .......................................................................5

*Martis v. Grinnell Mut. Reinsurance Co.*,
905 N.E.2d 920 (Ill. App. 2009) .......................................................................14

*McGarry & McGarry LLP v. Bankr. Mgmt. Solutions, Inc.*,
No. 17 CV 5779, 2018 WL 3218659 (N.D. Ill. July 2, 2018) .......................................5

*Moehrl v. Nat'l Assoc. of Realtors*,
492 F. Supp. 3d 768 (N.D. Ill. 2020) ....................................................................... *passim*

*O'Regan v. Arbitration Forums, Inc.*,
121 F.3d 1060 (7th Cir. 1997) .......................................................................5

*Omnicare, Inc. v. UnitedHealth Grp., Inc.*,
629 F.3d 697 (7th Cir. 2011) .......................................................................9, 10

*In re Opana ER Antitrust Litig.*,
162 F. Supp. 3d 704 (N.D. Ill. 2016) .......................................................................4

*In re Plasma-Derivative, Protein Therapies Antitrust Litig.*,
No. 09-cv-7666, 2012 WL 39766 (N.D. Ill. Jan. 9, 2012).........................................3

*Reid v. Unilever U.S., Inc.*,
964 F. Supp. 2d 893 (N.D. Ill. 2013) .......................................................................14

*Relevent Sports, LLC v. United States Soccer Fed'n*,
61 F.4th 299 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 679 (2024) .........................9, 10

*SD3, LLC v. Black & Decker*,
801 F.3d 412 (4th Cir. 2015) .......................................................................7

*Shady Grove Orthopedic Assoc. v. Allstate Insur. Co.*,
559 U.S. 393 (2010).......................................................................4

*Sitzer v. Nat'l Ass'n of Realtors*,
Case No. 4:19-cv-00332 (W.D. Mo.) ........................................................................3

*Standard Iron Works v. ArcelorMittal*,
639 F. Supp. 2d 877 (N.D. Ill. 2009) ........................................................................9

*In re Wellbutrin XL Antitrust Litig.*,
756 F. Supp. 2d 670 (E.D. Pa. 2010) ........................................................................4

*Zawislak v. Equity Realty*,
Case No. 1:24-cv-09039 (N.D. Ill.) ........................................................................ *passim*

**Statutes**

815 ILCS 505/1(e) ........................................................................13

740 Ill. Comp. Stat. Ann. 10/7(2) ........................................................................4

**Rules**

Fed. R. Civ. P. 8 ........................................................................7

Fed. R. Civ. P. 9 ........................................................................11, 12, 13

Fed. R. Civ. P. 12(b)(6) ........................................................................8

Fed. R. Civ. P. 23 ........................................................................4

Plaintiffs' Opposition to Defendants HomeSmart International, LLC's ("HomeSmart") and Fathom Realty, LLC's ("Fathom") (collectively, "Defendants") Joint Motion to Dismiss the Consolidated Class Action Complaint (the "Opposition") attempts to ride the coattails of unrelated cases to disguise their Consolidated Class Act Complaint (the "Complaint")'s own deficiencies. It is Plaintiffs' burden to establish their standing to pursue claims against Fathom and HomeSmart and to present plausible, non-conclusory allegations against Fathom and HomeSmart to support those claims. Plaintiffs have failed to do either despite multiple iterations of their operative pleading.

Plaintiffs cannot rely on the outcomes in *Batton*, *Davis*, or *Moehrl* to survive dismissal.[1] The only court to rule on a motion to dismiss homebuyers' claims as to either Fathom or HomeSmart is this Court, and this Court dismissed the *Zawislak* complaint in its entirety as to Fathom and HomeSmart. *See* Transcript, *Zawislak v. Equity Realty*, Case No. 1:24-cv-09039 (N.D. Ill.) ("*Zawislak*"), ECF No. 74. Since that dismissal, Plaintiffs have not meaningfully amended their Complaint, leaving it flawed in multiple respects and making it even more vague by failing to put any date on its alleged conspiracy.[2] This Court should dismiss all claims against Fathom and HomeSmart in their entirety with prejudice.

**I. Home Buyers' Federal Antitrust Claim Should Be Dismissed as Plaintiffs Do Not Have Standing and Their Request for Relief Is Moot (Count I).**

Plaintiffs are not entitled to injunctive relief under federal law. Plaintiffs agree that Article III requires a plaintiff show a "concrete and particularized injury that is actual or imminent," and

[1] The Opposition extensively relies on prior decisions in *Batton v. Nat'l Ass'n of Realtors*, 2024 WL 689989 (N.D. Ill. Feb. 20, 2024); *Davis v. Hanna Holdings, Inc.*, 771 F. Supp. 3d 552 (E.D. Pa. 2025); and *Moehrl v. Nat'l Assoc. of Realtors*, 492 F. Supp. 3d 768 (N.D. Ill. 2020). *See, e.g.*, Opp'n 1.

[2] In their operative pre-consolidation complaint, *Zawislak* Plaintiffs alleged a conspiracy period back to 2002. *See Zawislak v. Equity Realty et al.*, Case No. 1:24-cv-09039 (N.D. Ill.), ECF 41.

yet they concede that the Complaint alleges nothing more than a desire to engage a realtor at some point in the future. *See* Opp'n 5 (citing Comp. ¶¶ 168-71). Such a desire is not "certainly impending." *Bost v. Illinois State Bd. of Elections*, 114 F.4th 634, 642 (7th Cir. 2024); *see also Davis v. Hanna Holdings, Inc.*, 771 F. Supp.3d 552, 566-69 (E.D. Pa. 2025) (dismissing a similar claim because plaintiff failed to establish that the injury was actual or imminent). This is especially true when Plaintiffs have pleaded that "[m]ost people purchase and sell homes only a few times in their lives." Compl. ¶ 72.

Plaintiffs rely on *Access Living of Metro. Chicago v. Uber Technologies, Inc.*, 958 F.3d 604, 613 (7th Cir. 2020) to argue that this Circuit does not require them to state an intention to buy a home within a specific period of time, but that reliance is misplaced. *See* Opp'n 5-6. In *Access Living*, the plaintiff was certain she would need to call for a ride and use a wheelchair accessible vehicle, although the timing of her next rideshare request was undetermined. *See* 958 F.3d at 609. Here, Plaintiffs alleged no such certainty and instead have only an alleged desire to engage a buyer broker in the future. Yet, Plaintiffs could ultimately choose to buy a home without the support of a buyer broker, if they buy another home at all. Moreover, Plaintiffs do not contest that this Court has already dismissed nearly identical allegations in support of injunctive relief in *Zawislak* and *Batton*. *See* Transcript, *Zawislak* ECF No. 74, at 5:4-16; *Batton v. Nat'l Ass'n of Realtors*, No. 21-CV-00430, 2024 WL 689989, at *10 (N.D. Ill. Feb. 20, 2024). Plaintiffs do not have standing, and their claim for an injunction should be dismissed.

Plaintiffs also independently lack antitrust standing to pursue injunctive relief under Section 1 of the Sherman Act. Plaintiffs are not, as they see it, suffering "direct injuries." *See* Opp'n 8 (arguing that "homebuyers suffered direct injuries because Defendants and their co-conspirators forced buyers to pay artificially inflated commissions"). Instead, the Complaint

alleges that commissions were paid to home sellers, who in turn paid the real estate brokers. *See* Compl. ¶ 74; *see also Batton*, 2024 WL 689989, at *2 (citing *Leeder v. Nat'l Ass'n of Realtors*, 601 F. Supp. 3d 301, 309 (N.D. Ill. 2022) ("homebuyers are indirect purchasers of their brokers' services because it is the home seller that pays the buyer-broker and any cost borne by the homebuyer is only by virtue of the fact that the buyer-broker's commission rate is 'baked into' the home's purchase price"). As indirect purchasers of brokerage services, Plaintiffs are not the group best situated to seek <u>injunctive</u> relief. *See*, *e.g.*, *In re Plasma-Derivative, Protein Therapies Antitrust Litig.*, No. 09-cv-7666, 2012 WL 39766, at *1 (N.D. Ill. Jan. 9, 2012).

Plaintiffs' reliance on *Leeder* does not support their position. *See* Opp'n 8 (*citing Leeder*, 601 F. Supp. 3d at 313). In *Leeder*, the Court acknowledged limited circumstances in which indirect purchaser plaintiffs can pursue a claim for injunctive relief, none of which apply here. *See* 601 F. Supp. 3d at 313 (stating that where some of plaintiffs' damages are <u>not</u> barred by *Illinois Brick*—which is not the case here—there is a better case for the injunction claim proceeding). That homebuyers are not included in the settlement class of Defendants' settlements with home sellers is irrelevant to this analysis. The central question for standing is whether other plaintiffs are more capable and actually pursuing relief as to the complained of conduct, and the answer here is yes.

Next, Plaintiffs misapply the concept of mootness. A claim is moot and rightfully dismissed where defendants have signed a "covenant promising" no future violation of the type complained of in the complaint. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013). Fathom and HomeSmart have entered into binding settlement agreements regarding certain practice changes that moot Plaintiffs' purposed need for relief here. *Compare* Class Settlement Agreement ¶ 78, ECF 58-1, *with* Corrected Settlement Agreement 81-82, *Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332 (W.D. Mo.), ECF 1458-1. Plaintiffs' extraneous discussion of the Department of

Justice's statement of interest in different litigation, Opp'n 9, which raised certain questions regarding the seller-side settlements, does not change the fact that such settlements are in place. Plaintiffs' claim for injunctive relief is therefore moot.

## II. Plaintiffs' Illinois Antitrust Act Claim Suffers Threshold Flaws (Count II).[3]

*First, as this Court has already found, the Illinois Antitrust Act ("IAA") claim cannot proceed as a class action*. Relying on *Bobrowicz v. City of Chicago*, 522 N.E.2d 663 (Ill. 1988), this Court held that the IAA's language directly prohibited indirect purchaser class actions. *Zawislak* ECF 74, 7:15-20 (dismissing plaintiffs' class action under the IAA).

While Plaintiffs attempt to paint the Court's earlier decision as an outlier, this finding is supported by Justice Stephens's concurrence in *Shady Grove*, which held state procedural rules control even in federal court when they are a "part of a State's framework of substantive rights or remedies." *See Shady Grove Orthopedic Assoc. v. Allstate Insur. Co.*, 559 U.S. 393, 419 (2010). The very section of the IAA that contains the right of action to pursue indirect purchaser claims also limits its application. *See* 740 Ill. Comp. Stat. Ann. 10/7(2) ("no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act"). Other district courts have dismissed federal class actions based on the IAA, finding the IAA's prohibition on indirect purchaser class actions as part of Illinois's substantive rights and remedies. *See In re Opana ER Antitrust Litig*., 162 F. Supp. 3d 704, 723 (N.D. Ill. 2016); *In re Wellbutrin XL Antitrust Litig*., 756 F. Supp. 2d 670, 677 (E.D. Pa. 2010) ("Because the indirect purchaser restrictions of the IAA are 'intertwined' with the underlying substantive right, application of Rule 23 would 'abridge, enlarge or modify' Illinois' substantive rights"); *see also In re Effexor Antitrust Litig*., 357 F. Supp. 3d 363, 388 (D.N.J. 2018) (noting "majority" agreement

[3] Plaintiffs concede they bring only an Illinois Antitrust Act Claim and no other state antitrust claims. Opp'n 10 n.5.

on the application of J. Stephen's *Shady Grove* concurrence). In fact, as one court noted, the result that Plaintiffs request, in which "indirect purchasers could bring an indirect suit under Illinois law in federal district court but not in the state court of Illinois (from which the substantive right arises) would be the quintessence of forum shopping." *In re Copaxone Antitrust Litig.*, No. 2:22-CV-1232 (JXN/JSA), 2025 WL 2771874, at *11 (D.N.J. Aug. 7, 2025). Plaintiffs' IAA class action claim should not be permitted to proceed.

*Second, as argued in Defendants' opening brief (see Mot. 10-13), Plaintiffs do not have the Article III or antitrust standing required to maintain an action under the IAA*. While Plaintiffs posit that Article III standing is satisfied because "antitrust conspiracy liability is joint and several" (Opp'n 13), Plaintiffs still must show that their injury is "fairly traceable to [the defendant]'s conduct." *Marion Diagnostic Ctr. v. Becton Dickinson & Co.*, 29 F.4th 337, 346 (7th Cir. 2022). And, as discussed in Defendants' opening brief and further below, Plaintiffs do not plead any actionable conduct by Fathom or HomeSmart in the latest Complaint. Moreover, Plaintiffs also seem to believe that since the IAA permits certain plaintiffs to bring indirect purchaser claims, they do not need to respond to Defendants' arguments regarding their lack of antitrust standing. But, under the IAA, Plaintiffs are required to plead and establish antitrust injury and antitrust standing. *O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act."); *McGarry & McGarry LLP v. Bankr. Mgmt. Solutions, Inc.*, Case No. 17 CV 5779, 2018 WL 3218659, at *2 (N.D. Ill. July 2, 2018) ("To bring an antitrust suit, a plaintiff must…have standing to bring an antitrust suit"). Plaintiffs have not responded to Defendants' arguments that the causal connection here is weak; Plaintiffs do not establish the directness; any alleged damages are speculative; and with settlements

paid to home sellers for their alleged overpayment of broker commissions, duplicative recovery is likely. Plaintiffs do not have standing, and their IAA claim should be dismissed.

*Third, Plaintiffs do not sufficiently plead an amount in controversy.* Plaintiffs do not contest that once again they do not plead that named plaintiffs would meet the $75,000 threshold for diversity jurisdiction. Thus, if the Court finds once more that the IAA does not permit indirect purchaser plaintiffs to bring class actions, then Plaintiffs' individual antitrust claims should be dismissed from federal court.

## III. Plaintiffs Fail to Plead that Fathom or HomeSmart Joined Any Anticompetitive Conspiracy (Counts I and II).

Plaintiffs have not alleged anticompetitive conduct by Fathom or HomeSmart. As noted in Defendants' opening brief, setting aside allegations about corporate existence or Illinois contacts, Fathom and HomeSmart are barely mentioned in the Complaint, despite its length. That homebuyers alleged an anticompetitive agreement as to other parties in the *Batton* complaint does not help Plaintiffs state an action against Fathom and HomeSmart, neither of which were parties to *Batton*. For multiple reasons, this Court should find that Plaintiffs' allegations fail to state an antitrust claim.

*First*, *the allegations in the Complaint amount to nothing more than insufficient group pleading*. Plaintiffs claim that their twice-amended Complaint describes "in detail" how each of Fathom and HomeSmart furthered the conspiracy (Opp'n 3-4 (citing Compl. ¶¶ 8-9, 102, 106, 183)), but this statement epitomizes the conclusory and sweeping generalizations Plaintiffs make throughout their Complaint and in response to Defendants' Motion. Instead of being "detailed" in any manner, the cited lines contain nothing but conclusory allegations without any mention as to how Fathom and HomeSmart <u>each</u> joined, furthered, or participated in any alleged conspiracy:

- ¶ 8: "real estate brokerage firms such as Defendants must adhere to NAR's regulations and guidelines . . . Defendants knowingly adopted, followed, and enforced the NAR's

regulations and guidelines . . . Thus, each of the Defendants have agreed to participate in, facilitate, and implement the conspiracy."

- ¶ 9: "Defendants are not only among the leading real estate businesses . . ."
- ¶ 102: "Defendants have played a pivotal role in the conspiracy . . ."
- ¶ 183: "Defendants and their co-conspirators have committed . . ."[4]

Plaintiffs would like the mere existence as a brokerage company in the real estate industry to condemn Fathom and HomeSmart to continued litigation involving arduous and extensive discovery. But, Plaintiffs' allegations are not enough to get past the pleading stage. *Twombly* does not allow this. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars." *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc*., No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (quoting *Atkins v. Hasan,* No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015)); *see also SD3, LLC v. Black & Decker*, 801 F.3d 412, 423 (4th Cir. 2015) (quoting *Bates v. City of Chicago*, 726 F.3d 951, 958 (7th Cir. 2013)) (affirming dismissal of antitrust claims against defendants the complaint "lumped" together without sufficient detail).

While Plaintiffs complain that they have done enough to put Defendants on notice of the claims, Plaintiffs' Complaint does no such thing. Plaintiffs plead no information about Fathom or HomeSmart's participation in its allegedly unbounded conspiracy, inviting a massive discovery fishing expedition if the Court allows this case to proceed. For example, Plaintiffs do not allege whether every reference to "Defendants" in the Complaint includes, uniformly, without fail, all

[4] Plaintiffs perhaps meant to cite to ¶ 105, which quotes from HomeSmart's SEC filings, not ¶ 106, which discusses non-moving defendant NextHome. Despite its status as a public company, no paragraphs discuss Fathom's policies and practices with regard to NAR or MLSs.

fifteen defendants, including Fathom and HomeSmart. Plaintiffs include no information about which MLS within which geographies are "NAR MLSs," let alone whether those purported NAR MLSs uniformly followed the NAR "rules." Plaintiffs allege that "Defendants collectively control the primary MLSs and have a major share of many [but not all] local and national markets" (Compl. ¶ 86), but Plaintiffs never specify the "primary MLSs" as opposed to non-primary MLSs. Plaintiffs also fail to allege what those local markets are. Plaintiffs do not allege which entities comprise the unnamed "co-conspirators," but instead vaguely allege that co-conspirators could be "numerous other entities, such as the NAR, NAR MLSs, and NAR-affiliated brokerages and realtor associations." Compl. ¶ 47. Most egregiously, Plaintiffs do not once put a temporal bound on their alleged conspiracy, amending this latest complaint to remove any dates bounding the reaches of the alleged conspiracy. *See* Compl. ¶ 172 ("during the applicable limitations period" without defining what is the "limitations period"). These lack of details make the Complaint's claims of anticompetitive conduct implausible.

The Supreme Court recognized that "it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Twombly*, 550 U.S. at 558 (internal citation omitted). "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)). Here, as the Opposition makes clear, Plaintiffs have copied the allegations from other complaints against other defendants and made those allegations as to all fifteen defendants in this case uniformly. A close reading of the Complaint is needed to find the few references to Fathom (Compl. ¶ 161) or HomeSmart (Compl. ¶¶ 66, 105, 161), or even the conduct of a few individuals allegedly affiliated with Fathom (Compl. ¶¶ 103(d)-(e)),

130) or HomeSmart (¶¶ 103(b)-(c), 129). Plaintiffs' generic allegations and group pleading tactic are insufficient.

*Second, even if the Court considers such allegations, the Complaint does not allege any actual agreement between Fathom, HomeSmart, any other brokerage, or NAR*. To survive a Rule 12(b)(6) challenge, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). A mere "allegation of parallel conduct and a bare assertion of conspiracy will not suffice" because "that could just as well be independent action." *Id.* at 556-57. It is "essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Indeed, Plaintiffs concede that an antitrust conspiracy *only* exists where the "conspirators 'had a conscious commitment to a common scheme designed to achieve an unlawful objective.'" *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 706 (7th Cir. 2011) (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)). So, a plaintiff "must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *Standard Iron Works v. ArcelorMittal*, 639 F. Supp. 2d 877, 900 (N.D. Ill. 2009) (emphasis added) (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008)).

Plaintiffs attempt to cure this defect by citing to *Relevent Sports, LLC v. United States Soccer Fed'n*, but their reliance is misplaced. *See* Opp'n 18. In *Relevent Sports*, the Second Circuit evaluated whether plaintiffs stated a conspiracy claim by alleging that FIFA, the regulating body for international soccer, promulgated rules that its members must follow and imposed penalties on

those members not following the announced rules. 61 F.4th 299, 310 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 679 (2024). The Second Circuit held that "[t]he promulgation of [an association] rule, in conjunction with the members' 'surrender[ ] ... to the control of the association,' sufficiently demonstrates concerted action." *Id.* at 309 (quoting *Associated Press v. United States*, 326 U.S. 1 (1945)). Such allegations of complete control by NAR of Fathom and HomeSmart are absent, and Plaintiffs' mere allegations of allegedly anticompetitive NAR policies does not plausibly show any agreement in restraint of trade. Moreover, in *Relevent Sports*, the Second Circuit also acknowledged, "[o]f course, not every decision by an association violates federal antitrust laws." *Id.* at 307. As discussed in the Motion, Plaintiffs must plead more than membership in NAR to state a claim. Plaintiffs' failure to allege a "conscious commitment to a common scheme" by each Defendant condemns their claims. *See* Mot. 18 (citing *Omnicare*, 629 F.3d at 706).

While Plaintiffs' opposition claims that "[a]s the Court in *Moehrl* recognized, Plaintiffs allege a classic horizontal agreement to restrain trade" (Opp'n 16), such statement is inaccurate and only serves to highlight the distinctions between the claims against defendants in that case and this one. In *Moehrl*, the district court never reached the conclusion that the plaintiffs pleaded anything "classic" about the conspiracy alleged, nor did it declare that a "horizontal" conspiracy was alleged. *See Moehrl v. Nat'l Ass'n of Realtors*, 492 F. Supp. 3d 768 (N.D. Ill. 2020). Instead, the Court critically examined the interplay of the actions of the "four largest real estate brokers in the United States" (*id.* at 779) and only found that a conspiracy was alleged after a deep examination of the multiple allegations in the complaint that referred to each of the four defendants' individual actions. *See id.* at 777-81. This is a far cry from the allegations here, where Plaintiffs have named fifteen different defendants of varying size and regional reach (regardless, all smaller than the defendants in *Moehrl*), lumped them together under the label "Defendants," and have

failed to allege facts demonstrating that either Fathom or HomeSmart made a conscious decision to join or further the conspiracy.

In trying to fill the factual gap, Plaintiffs' opposition claims that Fathom and HomeSmart "concede" or "admit" that "they were engaged in the very the [sic] practices that Plaintiffs allege are deceptive during the time period relevant to this case." *See, e.g.*, Opp'n 2, 19, 21-22. That is not true, and Defendants' pleading reflects no such concessions or admissions. Plaintiffs' inaccurate argument on this point is based on a flawed reading of the Defendants' seller-side settlements wherein Fathom and HomeSmart agreed to certain "practice changes," which govern their conduct moving forward. *See* Mot. 8-9. This terminology is used in both the settlements executed by Defendants and by the settlements that Plaintiffs have filed with this Court. Finally, even accepting for purposes of the motion that Defendants collectively "adopt[ed], implement[ed], and enforce[d]" NAR rules, such theoretical conduct does not state a claim under the antitrust laws. For multiple reasons, the Complaint fails to plead that Fathom and HomeSmart joined an anticompetitive conspiracy, and it should be dismissed.

## IV. Plaintiffs Failed to State a Claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III) for Deceptive or Unfair Conduct.[5]

Plaintiffs have not met Rule 9(b)'s pleading standard as the Complaint fails to plead the "who, what, when, where, and how" of the alleged "deceptive" conduct. *See Benson v. Fannie May Confections Brands*, 944 F.3d 639, 646 (7th Cir. 2019).

To circumvent Rule 9(b)'s pleading requirements, Plaintiffs try to reframe their ICFA claim as one for "unfair" as well as "deceptive" conduct. But, Plaintiffs cannot amend their Complaint through briefing. *See Diamond Sawblades Mftrs.' Coalition v. Diamond Tools Tech.*,

[5] Despite alleging violations of "materially similar consumer protection statutes enacted in states throughout the country" (Compl. ¶ 202), the Opposition concedes that only the ICFA claim is before the Court. Opp'n 19 n.9.

504 F. Supp. 3d 927, 945 (S.D. Ind. 2020) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)) (holding that "the complaint may not be amended by the briefs in opposition to a motion to dismiss" and dismissing plaintiffs' claims as a "belated explication cannot cure the elemental inadequacy"). Plaintiffs allege that a common question for the class is whether "Defendants committed deceptive acts under the ICFA … by representing . . ." Compl. ¶ 177(g). There is no mention of any unfair conduct being a common question for the alleged class. And, throughout the Complaint, Plaintiffs summarily and consistently state that Defendants engaged in allegedly "deceptive" conduct and misrepresentations. *See, e.g.*, Compl. ¶ 18 ("misrepresented 'free' broker services"); ¶ 131 ("buyers were deceptively misled"); ¶ 207 ("Misrepresenting their agents' services as free to buyers is a deceptive practice"); ¶¶ 208-10 ("This act of concealment or omission is a deceptive practice"). In *Zawislak*, the Court was presented with many of the same allegations, including the same single reference to unfair conduct. *Compare* Compl. ¶ 214, *with* Compl., *Zawislak* ECF 41, ¶ 186. Just as in *Zawislak*, this Court should disregard such conclusory, empty pleading and hold Plaintiffs to the appropriate Rule 9(b) pleading standard. *See* Transcript, *Zawislak* ECF 74, 8-9 (evaluating and dismissing the <u>same</u> allegations under Rule 9).

Plaintiffs grasp for a way to avoid Rule 9(b)'s pleading standards because their Complaint yet again fails to deliver the particularities required under this standard. Plaintiffs' opposition claims that they allege "in detail" how Defendants' brokers were part of the fraudulent scheme, but not a single allegation involves a specific action or statement by either Fathom or HomeSmart. As their opposition concedes (Opp'n 21), the following are the "specific examples" of Defendants' alleged conduct:

- From a "HomeSmart" affiliated broker: "If you are only purchasing, you get all the benefits of an experienced Realtor at no cost to you." *See* Compl. ¶ 129 (citing <u>https://homesmart.com/real-estate-agent/hsca002/homer-farsad/3dcaaeb5-ec3d-536b-9e15-0b72c6424c3a</u>)

- From a "Fathom" affiliated broker: "[In MOST CASES,] the seller pays the commission for both the buyer's and seller's agents." *See* Compl. ¶ 130 (omitted text included) (https://www.jimmywilliamsrealtor.com/the-benefits-of-using-a-buyers-agent-in-real-estate)

But, as argued in the Defendants' Motion, these broker statements do not meet Rule 9(b)'s pleading standard. Not only do Plaintiffs selectively quote the Fathom-affiliated broker to make the statement look misleading, Plaintiffs have not averred whether such statements were made to the Plaintiffs or any member of the purported class, let alone whether Plaintiffs relied on these statements, or if such statements were even made during the undefined class period. Plaintiffs cite to the *Batton* and *Davis* decisions, but those courts reviewed different allegations made against different defendants, and neither ruling addressed whether the plaintiffs pleaded an ICFA claim. *See Batton*, 2024 WL 689989, at *8-9; *Davis*, 771 F. Supp. 3d at 581-83. Those rulings have no application here. Plaintiffs fail to plead a claim under the ICFA once again, and the Court should dismiss the Count.

Even if this Court finds that Plaintiffs have plead sufficient facts to plausibly state an actionable claim, Plaintiffs' recovery is still barred. Plaintiffs simply do not meet the definition of "consumer" under 815 ILCS 505/1(e), which provides that a consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." Plaintiffs have not, and cannot, claim that they purchased or contracted to purchase any merchandise from Defendants. Plaintiffs are simply not "consumers" of any merchandise (real estate or otherwise) with the Defendants because Defendants were not parties to any of the alleged transactions listed in the Amended Complaint. *See* Mot. at 22 (explaining that Plaintiffs cannot meet the definition of "consumer" as provided by the ICFA and Illinois law).

## V. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count IV).

Plaintiffs present their claim for unjust enrichment as an "alternative theory of recovery." But, a claim for unjust enrichment under Illinois law cannot stand on its own. *See, e.g.*, *Martis v. Grinnell Mut. Reinsurance Co*., 905 N.E.2d 920, 928 (Ill. App. 2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery."); *see also* Transcript, *Zawislak* ECF No. 74, 9:13-14 ("[A]n unjust enrichment claim all on its own cannot stand."). While Plaintiffs rely on *Reid v. Unilever U.S., Inc.,* to argue that "federal courts allow plaintiffs to plead unjust enrichment as an alternate, equitable theory of recovery in the event their claims at law do not proceed" (Opp'n 23-24), Plaintiffs misread the decision as the *Reid* court permitted the unjust enrichment claim to proceed as it was "based on the same conduct underlying what survives of her ICFA claim." 964 F. Supp. 2d 893, 924 (N.D. Ill. 2013). "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc*., 656 F.3d 511, 517 (7th Cir. 2011). Plaintiffs' underlying antitrust and consumer protection claims fail, so their claim for unjust enrichment should be dismissed as well.

## VI. Plaintiffs' State Law Claims Are Time Barred (Counts II, III, IV).

Plaintiffs inaccurately state that the "Court previously rejected Defendants' statute of limitations arguments." Opp'n 24. Not so. While the *Zawislak* court expressed reluctance to rule on statute of limitations issues at the motion to dismiss stage in the context of the *Zawislak* complaint, that complaint presented a defined relevant time period. The instant Complaint in this consolidated action provides none. *See* Compl. ¶ 172 (alleging no "applicable limitations period"). Plaintiffs' current lack of allegations regarding the relevant time period of Defendants' alleged misconduct supports an early look at the statute of limitations. While Plaintiffs claim they provide

"ample facts" in support of "continuous violation doctrine, equitable tolling, and the doctrine of fraudulent concealment" (Opp'n 25), their citations to nine paragraphs cannot possibly save their claims when *Moehrl v. Nat'l Ass'n of Realtors* was filed in this very District on March 6, 2019, more than five years prior to the filing of the first related action. *See* Compl., ECF No. 1, Case No. 1:19-cv-01610 (N.D. Ill.). Defendants should not have to bear the significant expense and burden of fact, expert, and class discovery back to an unknown period of time. Plaintiffs' untimely claims should be dismissed.

## VII. The Complaint Should Be Dismissed with Prejudice.

This is the third time Defendants have moved to dismiss a complaint before this Court.[6] For months, Plaintiffs have been on notice of the many factual and legal deficiencies pointed out by Defendants and the Court, but they have failed to address those deficiencies in their latest Complaint. That failure indicates that amendment would be futile. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) ("Where the plaintiff has repeatedly failed to remedy the same deficiency, the district court did not abuse its discretion by dismissing the claim with prejudice.") (internal citation omitted); *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 914 (7th Cir. 1999) (affirming the district court's decision to dismiss without leave to replead because plaintiff was "given three opportunities to amend his complaint to state claims upon which relief could be granted and yet made no appreciably substantive changes"); *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 614 (N.D. Ill. 2015) (denying plaintiff's request to replead for the fourth time and granting motion to dismiss with prejudice). The Consolidated Class Action Complaint should be dismissed with prejudice as to Fathom and HomeSmart.

---

[6] *See Zawislak*, ECF 32 (prior motion to dismiss filed Dec. 16, 2024) and ECF 49 (prior motion to dismiss filed Feb. 25, 2025); *Tuccori*, ECF 78 (instant motion to dismiss filed Nov. 26, 2025).

Dated: January 13, 2026

Respectfully submitted,

By: */s/ Lindsay Sklar Johnson*
James D. Lawrence (*admitted pro hac vice*)
**Bryan Cave Leighton Paisner LLP**
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Email: jim.lawrence@bclplaw.com

Timothy R. Beyer (*admitted pro hac vice*)
**Bryan Cave Leighton Paisner LLP**
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
Email: tim.beyer@bclplaw.com

Lindsay S. Johnson (*admitted pro hac vice*)
**Bryan Cave Leighton Paisner LLP**
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
Email: lindsay.johnson@bclplaw.com

Emilee L. Hargis, IL #6325656
**Bryan Cave Leighton Paisner LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2028
Email: emilee.hargis@bclplaw.com

*Attorneys for Defendant Fathom Realty, LLC*

*/s/ Paul W. Daugherity*
Paul W. Daugherity
**Kaufman Dolowich LLP**
30 North LaSalle St., Suite 1700
Chicago, IL 60602
Telephone: (312) 759-1400
Email: pdaugherity@kaufmandolowich.com

*Attorneys for HomeSmart International, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Lindsay Sklar Johnson*
Lindsay Sklar Johnson