IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES TUCCORI, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT WORLD PROPERTIES, LLC, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00150<br><br>Judge Lindsay C. Jenkins |

**NON-PARTY BATTON PLAINTIFFS' MOTION TO INTERVENE WITH RESPECT TO PROPOSED CLASS ACTION SETTLEMENT WITH NON-PARTY OPT-IN SETTLOR ANYWHERE REAL ESTATE**

Homebuyers alleging injury as a result of the same conspiracy alleged in this action have been litigating class-action claims in this District against Anywhere Real Estate, Inc. ("Anywhere") before Judges Wood and Hunt for over five years. *See Batton, et al. v. Nat'l Ass'n of Realtors, et al.*, 21-cv-00430 (N.D. Ill.).[1] *Batton* Plaintiffs and their counsel ("*Batton* Counsel") have defeated several motions to dismiss, engaged in extensive fact discovery, sat for depositions, briefed class certification, obtained vast troves of home purchase information and multiple listing service data, and spent millions of dollars to develop evidence and expert opinions analyzing the impact and harm to homebuyers as a result of anticompetitive commissions. *Batton* Counsel has served as de facto counsel for homebuyers in all respects.

---

[1] Plaintiffs in *Batton* are referred to as "*Batton* Plaintiffs" and their undersigned counsel are referred to as "*Batton* Counsel."

1

Recently, the *Batton* Plaintiffs settled their claims against Anywhere' co-conspirator, Keller Williams Realty, LLC, for $20 million and were appointed as class counsel in connection with the settlement.

Now—after years of litigation and after the *Batton* Court appointed *Batton* as class counsel—Plaintiffs and Anywhere in this action, which has never included Anywhere and has not progressed beyond motion to dismiss briefing, seek to end-run the *Batton* litigation, the *Batton* court's order, Fed. R. Civ. P. 23, and LR 40.4 to release *Batton* Plaintiffs' claims against Anywhere on the cheap at the expense of class members. ECF No. 98-1 at 77 ¶ 4 (specifically referencing *Batton* in released claims).

Accordingly, *Batton* Plaintiffs now move to intervene in this case to be heard with respect to the proposed class action settlement between Plaintiffs and "Opt-In Settlor" Anywhere Real Estate and to prevent the release of their valuable claims against Anywhere. If this motion to intervene is granted, *Batton* Plaintiffs intend to submit a motion for a temporary restraining order and preliminary injunction to enjoin Plaintiffs and Anywhere from proceeding with their Motion for Preliminary Approval as to Anywhere.

## BACKGROUND

In 2021, *Batton* Counsel brought the first-filed case on behalf of homebuyers. *Batton*, ECF No. 1. *Batton* is pending in the Northern District of Illinois and alleges that the National Association of Realtors, Anywhere, and a number of the other largest real estate brokerages in the country agreed to implement and enforce anticompetitive rules that inflated broker commissions and, in turn, home prices across the United States. *Id.* Thereafter, the *Batton* Plaintiffs filed an amended complaint (*id.* ECF No. 84), defeated several motions to dismiss (*see, e.g., id.*, No. 21-CV-00430, 2024 WL 689989, at *1 (N.D. Ill. Feb. 20, 2024); 2024 WL 4871366, at *1 (N.D. Ill.

2

Nov. 22, 2024)), propounded, responded to, and analyzed voluminous discovery, and engaged industry and economic experts to analyze antitrust impact and damages (*see*, *e.g.*, *id.*, ECF No. 262-1 (setting forth history of the *Batton* litigation). The briefing, analysis, and strategy involved complex issues, including managing the laws of over 30 states and indirect purchaser challenges.

In addition to this extensive work in the Northern District of Illinois, *Batton* Counsel have also continuously advocated on behalf of homebuyers in the Western District of Missouri and the Eighth Circuit. Anywhere and several of Anywhere's co-defendants were first sued by home sellers in late 2019. *Burnett, et al. v. Nat'l Ass'n of REALTORS®, et al.*, 4:19-cv-00332 (W.D. Mo.) ("*Burnett*"). Anywhere and several other brokerages ultimately settled with the home sellers. Anywhere in particular settled for $83.5 million. ECF No. 1192. Anywhere's settlement and others purported to release not only home selling claims, but homebuying claims as well. *Batton* Plaintiffs took immediate steps to protect their homebuying claims, including objecting to the seller settlements. *Burnett*, ECF No. 1447. The settlements were finally approved (*id.*, ECF No. 1490) and *Batton* Counsel appealed to the Eighth Circuit (*id.*, ECF No. 1498). That appeal remains pending.

During this time, not only did Anywhere attempt to release and enjoin the *Batton* Plaintiffs' claims against it as part of its seller settlement, it later successfully moved to stay *Batton* Plaintiffs' motion for class certification based on the seller settlements. *Batton*, ECF No. 246 at 8-9.

*Batton* Counsel's work proved fruitful when, in January 2026, they reached a settlement with Keller Williams Realty LLC for $20 million. The settlement was preliminarily approved on February 13, 2026. *Id.*, ECF No. 269. *Batton* Plaintiffs' carefully crafted plan of distribution is due to be filed on February 26, 2026. *Id.*, ECF No. 262 at Appendix A.

Plaintiffs here filed their homebuyer claim based on the same conduct and same theory as

*Batton* in state court in December 2023, naming only a single defendant that was not a party in *Batton*. *James Tuccori v. At World Properties*, No. 2023CH09928 (Ck. Cty.). The case was then removed to this Court. ECF No. 1. Six months later, before any motion to dismiss briefing or discovery, Plaintiffs informed the Court they had reached settlement. ECF No. 22. That settlement was preliminarily approved, along with Plaintiffs' proposed "opt-in procedure" by which non-parties were invited to "opt-in" by either paying 25% of the settlement amount paid by them in *Burnett*, or some other amount after engaging in a mediation. ECF No. 65. Just yesterday, on February 23, 2026—after years of litigation in *Batton*—Plaintiffs filed a motion for preliminary approval of an "opt-in" class-action settlement with non-party Anywhere (and others). ECF No. 98.

## ARGUMENT

### I. Intervention Is Timely And Is Urgently Needed to Protect *Batton* Plaintiffs and Class Members ' Homebuying Claims

*Batton* Plaintiffs request that the Court permit them to intervene here under Rule 24(a) or Rule 24(b) to prevent Plaintiffs' Counsel and Anywhere from circumventing the Batton litigation and unfairly extinguishing *Batton* Plaintiffs' claims. Rule 24(a)(2) requires the Court to permit intervention upon timely application where the proposed intervenor "has an interest relating to the property or transaction which is the subject of the action and . . . is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest;" and the proposed intervenor's interest is represented inadequately by the existing parties to the suit. Rule 24(a)(2).

*Batton* Plaintiffs' Motion is timely. Plaintiffs here disclosed their opt-in settlement with Anywhere on February 23, 2026, less than 24 hours ago. Prior to that disclosure, none of the defendants in the *Batton* case had been named as defendants or disclosed as settlement parties in

4

this case. Moreover, Anywhere continued to actively litigate in *Batton.* As *Batton* Plaintiffs were unaware that Plaintiffs' Counsel here purported to represent homebuyers against Anywhere prior to yesterday's filing, *Batton* Plaintiff's motion one day later is timely. *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880–81 (7th Cir. 2000) (rejecting the argument that an intervenor should have moved upon filing of an overlapping case because "[u]nnamed members of the class rarely will suspect a shortfall in the adequacy of representation before learning of the terms of a (potentially inadequate) settlement or problems in the class definition.").

*Batton* Plaintiffs also unquestionably have an interest in the property or transaction that is the subject of this action, namely claims arising out of home purchases. Both actions are brought on behalf of homebuyers and both actions allege that various brokerages conspired with each other and NAR to create, implement, and enforce anticompetitive rules that artificially inflated broker commissions and home prices. The two actions therefore share common facts and legal theories on behalf of substantially the same group of purchasers. This Action now purports to release the very claims that the *Batton* Plaintiffs have been pursuing for more than five years. It is hard to envision a *greater* interest.

Not only *might* disposition of this seller settlement with Anywhere impair *Batton* Plaintiffs' ability to protect their interests, as Rule 24 requires, such an eventuality is virtually guaranteed if Plaintiffs' Opt-In Motion is granted. Plaintiffs' settlement with Anywhere purports to release the homebuying claims being litigated in *Batton* despite failing to meet Fed. R. Civ. P. 23's requirements pertaining to adequacy and superiority and in exchange for a questionably small sum relative to strength of *Batton* Plaintiffs' claims. This unfairness impedes *Batton* Plaintiffs' ability to prosecute and obtain fair compensation for their homebuying claims in several ways.

5

First, *Batton* Plaintiffs have not only an interest, but a right, to adequate representation under Fed R. C. Civ. P. 23. Rule 23 requires that in order for a settlement to be approved, class counsel must be adequate considering, among other things, their work in the case. Plaintiffs' counsel here only engaged in very brief preliminary discovery with respect to Anywhere, but has otherwise never named Anywhere as a defendant, never briefed a contested motion as to Anywhere, and, except for in connection with their proposed Settlement, never assessed the strength of homebuyers' claims against Anywhere.

In contrast, *Batton* Plaintiffs' counsel have spent the last five years doing all of that and much more. They have also sought the appointment of *Batton* Counsel as class counsel in *Batton* since Batton's inception and were recently appointed Class Counsel for a class of purchasers of residential real estate in connection with their settlement with Anywhere's alleged co-conspirator, Keller Williams. Now that there are two groups of counsel seeking to represent the same class asserting the same claims against the same defendant, Rule 23(g)(2) requires a comparative analysis to "appoint the applicant best able to represent the interests of the class." Based on their deep familiarity with homebuyer claims against Anywhere and extensive work prosecuting those claims over the last five years, *Batton* Counsel, Lowey Danneberg and Korein Tillery, are clearly the best able to represent the interests of *Batton* Plaintiffs and class members, as well as members of the Anywhere settlement class.

Second, *Batton* Plaintiffs have an interest in ensuring a settlement that releases their claims is proper under Rule 23's superiority requirement. Rule 23's superiority prong requires this Court to consider "the extent and nature of any litigation concerning the controversy already begun by or against class members." Fed. R. Civ. P. 23(b)(3)(B). As discussed herein and upon which *Batton* Counsel can elaborate in much greater detail, *Batton* Plaintiffs had already begun

6

litigation against Anywhere years before this action was filed, have a much more procedurally advanced case, and have already obtained favorable settlements for the class. Neither of Plaintiffs' motions for preliminary approval address this requirement.

Third, *Batton* Plaintiffs have a strong interest in obtaining fair compensation for their claims. Although the specific amount that Anywhere has agreed to pay is under seal, it is apparently a sum less than $10.78 million. Even charitably assuming the majority of that is from Anywhere, it is less than 10% of the $83.5 million Anywhere paid in *Burnett*, less than the 25% benchmark set by Plaintiffs own opt-in procedure, and less than the 28.57% benchmark set by the *Batton* Plaintiffs in their settlement with Anywhere's alleged co-conspirator, Keller Williams. Indeed, when parallel class action cases are pending against the same defendant, the circumstances demand "close scrutiny" to determine whether the "settlement agreement is the product of a 'reverse auction,' the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 282 (7th Cir. 2002). The questionable settlement amount here further underscores Plaintiffs' counsel's inadequate representation of homebuyer claims against Anywhere.

Fourth, should Plaintiffs' proposed settlement with Anywhere be finally approved, *Batton* Plaintiffs intend to appeal that approval. In the Seventh Circuit, "it is vital that district courts freely allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision." *Crawford*, 201 F.3d at 88. In these circumstances, even if intervention were to cause delay, intervention is justified because of this Court's "fiduciary-like duty to protect the interests of the class members." *Aliano v. CVS Pharmacy, Inc.*,

No. 16-CV-3372, 2016 WL 11671152, at *1 (N.D. Ill. May 11, 2016).

Finally, *Batton* Plaintiffs' intervention here will help ensure efficient prosecution of homebuying claims against Anywhere for both the parties and the Court. In connection with their motion for preliminary approval, Plaintiffs have moved for leave to file an amended complaint naming Anywhere Real Estate as a party. ECF No. 97. Because Plaintiffs here assert the same claims against Anywhere as in *Batton*, *Batton* Plaintiffs intend to file a motion under LR 40.4. for reassignment of the claim against Anywhere to Judge Hunt as related to *Batton*. While the motion will be filed in *Batton*, the lower-numbered case by virtue of having been filed years earlier, LR 40.4 provides that this Court and the *Batton* court may consult with each other. Intervention will enable *Batton* Plaintiffs to be heard in both courts, and to ensure that Plaintiffs and Anywhere do not circumvent this District's established rules and processes for litigation of parallel cases against the same defendant in the same District by, for example, filing an amended complaint without a cover sheet relating the actions.

All that is left to satisfy Rule 24(a)(2) is that *Batton* Plaintiffs' interests are inadequately represented here. Plaintiffs' Counsel's inadequate representation of the Anywhere settlement class, as outlined above, demonstrates why they would not adequately represent *Batton* Plaintiffs' interests before this Court. *Batton* Plaintiffs must be permitted to intervene.

## II. Intervention Would Not Prejudice Any Party

Should the Court determine that *Batton* Plaintiffs do not meet the requirements of Rule 24(a)(2), *Batton* Plaintiffs undoubtedly meet the requirements for permissive intervention under Rule 24(b). Timeliness and shared issues of law and fact are addressed, *supra*. As to prejudice, there is none. In the Seventh Circuit, the possibility that intervention may lead to denial of a proposed settlement or the reversal of settlement approval on appeal is not prejudice or delay

sufficient to deny intervention. *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000).

## CONCLUSION

In order to be heard with respect to Plaintiffs' proposed class-action settlement with Anywhere Real Estate, the reassignment of such claims, the appeal of any approval of the settlement if necessary, the superiority of the *Batton* litigation under Rule 23, and proper class counsel under Rule 23, this Court should grant Aaron Bolton's motion for permissive intervention.

Dated: February 24, 2026

/s/ *Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.
George A. Zelcs
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (MO Bar #56091)
Michael E. Klenov
Carol O'Keefe
**KOREIN TILLERY LLC**
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
sberezney@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

9

Vincent Briganti
Christian Levis
Noelle Forde
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

*Attorneys for Aaron Bolton*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2026, the foregoing was filed electronically with the Clerk of Court of the Northern District of Illinois to be served by the Court's electronic filing system to all Counsel of Record:

                                  /s/ *Randall P. Ewing, Jr.*
                                  Randall P. Ewing, Jr.