**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN EISNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-04383 |
| | ) | |
| FREED KANNER LONDON & | ) | Hon. Mary M. Rowland |
| MILLEN LLC, and MCGUIRE LAW PC, | ) | |
| | ) | |
| Defendants. | ) | |

## CONTESTED MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Defendants, Freed Kanner London & Millen LLC (n/k/a Justice Jagher London & Millen LLC) ("**Freed**") and McGuire Law PC ("**McGuire**"), hereby jointly move under Local Rule 40.4(c) to reassign the above-captioned case ("***Eisner* Action**") to the calendar of Hon. Lindsay C. Jenkins as related to Case No. 24-cv-00150, *Tuccori v. At World Properties, LLC, et al* ("***Tuccori* Action**").

Plaintiff in the *Eisner* Action opposes this Motion. Plaintiffs in the *Tuccori* Action support and join this Motion. They contacted other counsel in the *Tuccori* Action to ask if they have any objections and did not receive any as of the time of filing. Pursuant to this Court's standing order, we will file a joint submission with competing briefing schedules proposed by Freed and McGuire and Mr. Eisner.

As shown below, the criteria of Local Rule 40.4(a)-(b) regarding relatedness are met here. Pursuant to Local Rule 40.4(d), this Motion is brought before Judge Jenkins, who is presiding over the lower-numbered case, the *Tuccori* Action. In further support, pursuant to Local Rule 40.4(c), Freed and McGuire attach the Notice of Removal filed in the *Eisner* Action (*Eisner* ECF 1), which

attaches as Exhibit B (*Eisner* ECF 1-2) the operative complaint ("*Eisner* Complaint") in the *Eisner* Action, and advise the Court as follows:

1.      Both lawsuits concern the pending class action settlement in the *Tuccori* Action. The *Eisner* Action is a collateral attack on the *Tuccori* settlement, alleging that Freed and McGuire breached fiduciary duties to a subclass (Illinois residents) of the *Tuccori* settlement class by negotiating and seeking approval of a settlement structure that Eisner contends is unfair and inadequate. The *Tuccori* settlement structure and agreement at the center of the *Eisner* Action are referred to in almost every paragraph of the Complaint in that Action. *Eisner* ECF 1-2, ¶¶1-9, 23-38, 40-43, 46-47, 50-51, 55-58.

2.      Local Rule 40.4(a) states:

> Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1)      the cases involve the same property;
>
> (2)      the cases involve some of the same issues of fact or law;
>
> (3)      the cases grow out of the same transaction or occurrence; or
>
> (4)      in class action suits, one or more of the classes involved in the cases is or are the same.

3.      All four criteria of Local Rule 40.4(a) are easily met here. Both cases involve the same property (the pending *Tuccori* settlement structure and related settlement agreement(s) that this Court has been asked to approve or will be asked to approve); involve some of the same issues of fact or law (whether the structure and settlements are fair and reasonable and whether Freed and McGuire are adequate class counsel and comported with fiduciary duties to the class); grow out of the same transactions or occurrences (the Opt-In participation of certain settling real estate

2

brokerage firms); and the proposed classes overlap (the putative class in the *Eisner* Action is an Illinois subclass of the conditionally certified settlement class in the *Tuccori* Action).

4.  Local Rule 40.4(b) sets out four conditions for reassignment based on relatedness:

    (1) both cases are pending in this Court;

    (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4) the cases are susceptible of disposition in a single proceeding.

5.  There can be no genuine dispute that all four criteria are met.

    a.  Both cases are pending in this Northern District. The *Eisner* Action was removed from the Circuit Court of Cook County on April 17, 2026, and was assigned to the calendar of Hon. Mary M. Rowland.

    b.  Handling of both cases by Judge Jenkins, who is presiding over the *Tuccori* Action, is not merely "likely," but certain to result in substantial saving of judicial time and effort. Judge Jenkins appointed Freed and McGuire as class counsel for the conditionally certified class (*Tuccori* ECF 65). As part of the settlement approval process, she will be evaluating the fairness of the *Tuccori* settlement and the adequacy of class counsel. The *Eisner* Action is predicated on the results of Judge Jenkins' determinations.

    c.  Reassignment of the *Eisner* Action will not delay the *Tuccori* Action. This is particularly true because the fairness hearing in the *Tuccori* Action already provides a forum for Eisner or other class members to raise objections, as Judge Jenkins noted in her prior ruling denying Eisner (and others) leave to intervene in the

3

*Tuccori* Action. (*Tuccori* ECF 117-18). Those objections include the objections that Eisner has now raised in the Complaint in the *Eisner* Action. In addition, Eisner's counsel in the *Eisner* Action are the same lawyers who filed a motion to intervene on his behalf in the *Tuccori* Action and thus are familiar with the matter.

    d.  The two cases are not merely "susceptible to disposition in a single proceeding," they are joined at the hip. Judge Jenkins will either approve the *Tuccori* settlement over the objections of Eisner or other class members, thereby rejecting the allegations of breach of fiduciary duty and unfairness they allege in the *Eisner* Action; or she will reject the *Tuccori* settlement on those grounds, eliminating the future injury and damages claimed by Eisner.

6.    Freed and McGuire acknowledge that relatedness motions "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." Local Rule 40.4(d). Freed and McGuire anticipate moving to stay the *Eisner* Action pending completion of the *Tuccori* fairness hearing because, as noted above, Judge Jenkins' determinations will dispose of the *Eisner* Action. Such a stay would have been warranted under the All Writs Act, 28 U.S.C. §1651(a), had the *Eisner* Action not been removed, and the same principles warrant a stay of the removed case.

7.    For the foregoing reasons, Freed and McGuire respectfully request that the Court (i) enter an Order finding that the *Tuccori* Action and the *Eisner* Action are related within the meaning of Local Rule 40.4 and that the *Eisner* Action should be reassigned to this Court's calendar; (ii) forward such findings to the Executive Committee together with a request that the Committee reassign the *Eisner* Action to this Court as related to the *Tuccori* Action; and (iii) grant such relief as may be just and proper.

4

Dated: April 21, 2026

Respectfully submitted,

FREED KANNER LONDON & MILLEN LLC,
and MCGUIRE LAW PC

By: /s/ *Edward W. Feldman*
       One of Their Attorneys

Edward W. Feldman
Diane F. Klotnia
A. Michaela Kabat
MILLER SHAKMAN LEVINE & FELDMAN LLP
30 W. Monroe Street, Suite 1900
Chicago, Illinois 60603
(312) 363-3700
efeldman@millershakman.com
dklotnia@millershakman.com
mkabat@millershakman.com