**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

James Tuccori, individually and on behalf
of all others similarly situated,

    *Plaintiff,*

v.

At World Properties,

    *Defendant.*

No. 24 CV 150

Judge Lindsay C. Jenkins

**ORDER**

In March 2026, the court denied Aaron Bolton's motion to intervene in this action. [Dkt. 118.][1] He now moves to stay proceedings pending his appeal of that order. [Dkt. 130.] For the reasons below, the court declines to issue a stay.

## I.    Background

James Tuccori filed this putative class action in the Circuit Court of Cook County on December 8, 2023, bringing antitrust claims against Defendant At World Properties arising from an alleged conspiracy to artificially increase home prices. [Dkt. 1 at 1–2.] Defendant removed the action to federal court in January 2024, and the court preliminarily-approved a class settlement agreement in October 2025. [*Id.*] Several additional defendants have since opted-in to the preliminary settlement agreement. [Dkt. 119.]

Of relevance here, the present lawsuit was preceded by a class action alleging antitrust violations based on the same conspiracy in the Western District of Missouri, *Burnett v. NAR*, No. 19-cv-332 (W.D. Mo.). The *Burnett* action resulted in a jury verdict for the plaintiffs. And in the wake of the *Burnett* jury verdict, plaintiffs across the country, including Tuccori, filed putative class actions raising similar antitrust claims.

Aaron Bolton, a plaintiff in one of those similar class actions, *Batton v. Nat'l Ass'n of Realtors, et al.*, 21-cv-00430 (N.D. Ill.), filed a motion to intervene in this case. [Dkt. 100.] Bolton's motion to intervene came after the defendant in his case, Anywhere Real Estate, sought to opt-in to the preliminary-approved class settlement agreement reached by the parties in this case. [Dkt. 98.] Bolton argued that, without his intervention in this case, the *Batton* Plaintiffs and class members are

---

[1]    Citations to docket filings generally refer to the electronic pagination supplied by CM/ECF, which may not be consistent with page numbers in the underlying documents.

inadequately represented and would be inadequately compensated by the class settlement agreement that this court preliminarily approved. He also urged the court to grant his motion because, should the court grant final approval of the settlement agreement, he plans to appeal the approval.

The court denied Bolton's motion to intervene[2] concluding that he had neither a right nor a reason to intervene at this point in the proceedings. [Dkt. 118.] As the order made clear, the disposition of this action does not threaten to impair Bolton's interests. As a class member who would be bound by the settlement agreement reached by the parties in this case, the court explained, Bolton has a right to raise any and all concerns about inadequate representation and compensation at the required fairness hearing. Allowing him to intervene *after* preliminary approval but *before* a fairness hearing, moreover, would prejudice the existing parties by needlessly delaying the very hearing where Bolton can properly raise his fairness arguments.

Bolton then filed a notice of appeal regarding the court's order denying his motion to intervene, dkt. 124, and not long after, filed a motion in this court to stay proceedings until the Seventh Circuit decides his appeal, dkt. 130.

## II.   Analysis

The grant of a motion to stay is an exercise of judicial discretion and the burden of demonstrating its necessity lies with the moving party. See *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In ruling on a motion to stay pending appeal, a court considers: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (cleaned up). Factors one and two "are the most critical" in this determination. *Id.*

Here, factors one and two feed off each other. As the court explained in its order denying Bolton's motion to intervene, the relief Bolton requests—to avoid a settlement that inadequately compensates him and his fellow class members for their injuries—can be raised at the court's fairness hearing. Because Bolton has every right to opt-out of the class settlement agreement and the fairness hearing provides him with a full opportunity to raise his objections, the denial of his motion to intervene causes neither him nor any other class member irreparable harm.

After all, following the Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1 (2002)—which held that "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing" and appeal denial of that objection "without first intervening," *id.* at 14—the Seventh Circuit has explained

---

[2]    The court's order denying intervention erroneously referred to the proposed intervenor as Aaron Batton even though Aaron Bolton is the proposed intervenor.

time and again that a class member has a right to raise objections at a fairness hearing and to appeal a court's approval of a class settlement agreement in the same way as a named party, see, *e.g.*, *S.E.C. v. Enter. Tr. Co.*, 559 F.3d 649, 651 (7th Cir. 2009). Intervention is not a prerequisite. The Seventh Circuit case Bolton relied on for such a proposition predated *Devlin*. [Dkt. 100 (citing *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877 (7th Cir. 2000).]

As for likelihood of success, the court stands by its decision denying Bolton's motion to intervene. To be sure, this court is not the first to deny a nonparty, class member's motion to intervene at this stage in proceedings under analogous circumstances. See, *e.g.*, *Cohorst v. BRE Props., Inc.*, 2011 WL 3489781, at \*5 (S.D. Cal. July 19, 2011), *report and recommendation adopted*, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ("Other lower courts since *Devlin* was decided in 2002 have recognized that where the right to object to the settlement at the Fairness hearing or to opt out of the settlement exists, intervention is simply unnecessary to protect a putative class member's interests."); *T.K. through Leshore v. ByteDance Tech. Co.*, 2021 WL 1172767, at \*5 (N.D. Ill. Mar. 29, 2021) ("When a court denies a motion to intervene by an absent class member opposing settlement, that class member's ability to protect her interest in opposing the Settlement is not impaired or impeded.") (cleaned up); *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, 2025 WL 3567286, at \*10 (N.D. Ga. Mar. 28, 2025) ("Finally, the Court is mindful that there is no need for the Proposed Intervenors to intervene as parties in this case in order to protect their stated interests when they can lodge any objection they have to the proposed settlements as a part of the Rule 23 class action fairness hearing."); *Hibler v. Santander Consumer USA, Inc.*, 2013 WL 12137716, at \*4 (C.D. Cal. Nov. 21, 2013) ("Here, Intervenor and any other proposed class members will have the ability to object at a fairness hearing."); *Izzio v. Century Partners Golf Mgmt., L.P.*, 2015 WL 5472845, at \*5 (N.D. Tex. Sept. 15, 2015) ("As a class member, Metzger can raise objections to the settlement without formal intervention."). See also *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (rejecting, on an appeal from a final settlement agreement, "reverse auction" argument brought by objectors during a Rule 23 class action fairness hearing).

Indeed, the Northern District of Georgia faced an almost identical motion to intervene in one of the similar class actions. In *1925 Hooper LLC v. National Association of Realtors*, the plaintiffs sued the National Association of Realtors, alleging that the association engaged in a conspiracy to raise home prices. 2025 WL 3567286, at \*1. The plaintiffs settled their claims with several defendants and then filed a motion for preliminary approval of the settlements and settlement class. *Id.* at \*2. Class representatives in a parallel nationwide class action, *Gibson,* filed a motion to intervene. *Id.* The *Gibson* action brought the same antitrust claim against at least five entities that were also defendants in *1925 Hooper. Id.*

The court denied the proposed intervenors' motion. *Id.* at \*11. It held that all the proposed intervenors' concerns regarding the settlement agreement's fairness,

including their allegations of "reverse auction" tactics, are proper subjects for the Rule 23 class action fairness hearing. *Id.* at *8. The court also found that there was "no question that permitting intervention [would] thwart, or at least delay, the settlements reached between Plaintiffs and the Settling Defendants, resulting in prejudice to the existing parties." *Id.* at *9.[3]

The same is true here.

Issuing a stay, moreover, would do nothing to promote judicial economy. When deciding Bolton's appeal, the Seventh Circuit will not consider his fairness arguments because those arguments have not yet been decided by this court (or any other district court). Instead, the Seventh Circuit's decision would only address whether the court erred in denying the motion to intervene—a procedural issue distinct from Bolton's merits argument. See *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 716 (7th Cir. 2001) ("A decision reversing an order denying intervention usually leads to a remand, not to a decision on the merits."). Put differently, placing these proceedings on hold and awaiting the Seventh Circuit's decision would not provide any guidance on the merits of Bolton's argument and there is no risk that both this court and the Seventh Circuit would decide the fairness issue in tandem.

## III. Conclusion

For these reasons, Bolton's motion to stay is denied.

Enter: 24-cv-150
Date: May 7, 2026

_____
Lindsay C. Jenkins

---

[3] To no one's surprise, those intervenors did raise their reverse auction concerns as objections at the fairness hearing and the court considered and then rejected the arguments, ultimately approving the class settlement agreement. See *1925 Hooper LLC et al v. The National Association of Realtors et al.*, 23-cv-5392, dkt. 245 (N.D. Ga. Mar. 31, 2026). And the law firm representing Bolton here is no doubt aware of the possibility of raising reverse auction concerns as a nonparty objector at a class action fairness hearing since it represented a nonparty objector in *1925 Hooper*.