# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES TUCCORI *et al.*, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | No. 1:24-cv-00150 |
| *Plaintiff*, | ) ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) ) | |
| | ) | Consolidated with: |
| AT WORLD PROPERTIES, LLC, an Illinois Limited Liability Company, *et al.*, | ) ) | No. 24-cv-02399 |
| | ) | No. 24-cv-03160 |
| *Defendants*. | ) | No. 24-cv-3356 |
| | ) | No. 24-cv-9039 |
| | ) | No. 24-cv-11735 |
| | ) | No. 25-cv-04207 |
| | ) | |

**SECOND SUPPLEMENTAL DECLARATION OF SPECIAL**
**MASTER FOR MEDIATION JUDGE JAMES F. HOLDERMAN (RET.)**

I, Judge James F. Holderman (Ret.), hereby aver pursuant to 28 U.S.C. § 1746 as follows:

1. I am fully competent to make this Declaration, I have personal knowledge of all matters set forth herein unless stated otherwise, and I would testify to all such matters if called as a witness.

2. I am providing this Second Supplemental Declaration as part of my appointment by the Court as Special Master for Mediation for the preliminarily approved Class Action Settlement in the above-captioned matter. (Dkt. 65 at 6-7).

3. On October 16, 2025, the Court entered its Preliminary Approval Order granting preliminary approval to the Class Action Settlement between Plaintiffs and the Settling Defendants. (Dkt. 65). The Court's Preliminary Approval Order appointed me as Special Master for Mediation and directed me to, among other things:

    a. perform duties of conducting, supervising, and overseeing mediations with non-

parties who elect to use the Special Master for Mediation in an effort to become an Opt-In Settlor;

b. carry out all duties personally or through others working under my supervision as Special Master for Mediation with reasonable diligence;

c. exercise the authority to carry out the duties to facilitate mediations and settlements with non-parties, including the authority to require a non-party and/or its counsel to appear in person or remotely by videoconference for settlement conferences and mediations, but not have the authority to compel any entity to make or accept any specific offer of compromise;

d. communicate with negotiating parties or the Court *ex parte* to the extent required, in the exercise of the Special Master for Mediation's individual judgment, to carry out his duties; and

e. provide the Court reports upon the Court's request and subject to the Court's discretion.

(*Id.* at 6-7).

4. Pursuant to Paragraph 15 of the Court's Preliminary Approval Order, I oversaw mediation sessions with the following prospective Opt-In Settlors:

- Hanna Holdings, Inc. on March 13, 2026;

- Douglas Elliman Inc. on March 23, 2026;

- HomeSmart International, LLC on March 24, 2026;

- The National Association of Realtors® on March 27, 2026;

- HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates LLC on March 30, 2026;

2

- Compass, Inc., with the assistance of former Magistrate Judge Michael T. Mason, conducted under my supervision, on April 9, 2026; and

- eXp World Holdings, Inc. on April 10, 2026.

5.      Prior to each of these mediation sessions, I was aware of the existence of concurrent homebuyer antitrust cases against these entities, among other defendants, including the cases captioned *Batton, et al. v. The Nat'l Ass'n of Realtors, et al.*, 21-cv-430 (N.D. Ill.) ("*Batton I*"), *Batton et al. v. Compass, Inc. et al.*, No. 1:23-cv-15618 (N.D. Ill.), *Davis v. Hanna Holdings, Inc.*, 24-cv-02374 (E.D. Pa.), and *Lutz et al. v. HomeServices of America, Inc. et al.*, 24-cv-10040 (S.D. Fl.). I was also aware, prior to each of the above mediation sessions, of the existence of a class settlement reached in *Batton I* with Keller Williams Realty, LLC ("Keller Williams") which was publicly-filed on February 2, 2026. I subsequently learned of another settlement in *Batton I* with RE/MAX, LLC ("RE/MAX"), which was publicly filed on March 25, 2026.

6.      I did not advise Plaintiffs or any of the prospective Opt-In Settlors listed above to forgo their mediations due to either the existence of concurrent litigation or the settlements with Keller Williams and RE/MAX.

7.      I understand that Plaintiffs have executed an Opt-In Agreement with each of the above prospective Opt-In Settlors, which have been submitted to the Court for approval.

8.      Plaintiffs, the prospective Opt-In Settlors, and their counsel each signed confidentiality agreements that prevent the disclosure of confidential information exchanged in connection with the mediation process. However, without violating those confidentiality agreements, I can provide the following information.

9.      Each of the mediation sessions between Plaintiffs and the prospective Opt-In

3

Docusign Envelope ID: D6668F6E-8828-4728-881C-2D2B9301F04E

Settlors was conducted at arms-length according to my mediation procedures, the Court-approved Class Settlement Agreement, and the Court's Preliminary Approval Order. At no time did any of the prospective Opt-In Settlors discuss the substance or existence of prior settlement negotiations (if any) between them and any plaintiffs in other litigation.

10. During the mediation sessions I conducted, I personally witnessed through my involvement that each party's counsel at all times conducted their mediated settlement negotiations in an adversarial, arm's-length, and good faith manner. At no time during the mediation sessions (or after) did I believe that any party or their counsel was insufficiently prepared for the mediation, or that any party was negotiating from a position of inordinate strength or weakness.

11. The negotiations were hard-fought, and in some instances the negotiating parties did not reach an agreement in principle at the conclusion of their mediation session. In those instances, the negotiating parties' discussions extended after their mediation session, and I continued to remain involved as a mediator to facilitate the negotiations.

12. I will not express my opinion on the fairness of the settlements reached with the prospective Opt-In Settlors, because I believe that to be a determination solely within the province of the Court. However, I can confidently express my view that the mediation process was robust and adversarial, and that the settlements are the product of skilled and ethical attorneys zealously advocating for the interests of their respective clients.

13. I understand that the Settlement's Opt-In Period closed on April 13, 2026. Although my primary responsibilities as the Special Master for Mediation have concluded, I will remain available to the Court and the Settling Parties should they require my assistance.

Under penalties of perjury provided by law, the undersigned certifies that statements set

Docusign Envelope ID: D6668F6E-8828-4728-881C-2D2B9301F04E

forth in this declaration are true and correct.

Executed on 5/15/2026 | 8:07 AM PDT in Chicago, Illinois.

Signed by:

Hon. James F. Holderman (Ret.)

Judge James F. Holderman (Ret.)