**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES TUCCORI, *et al.*, individually and on behalf of similarly situated individuals, | ) ) ) ) | No. 1:24-cv-00150 |
| *Plaintiffs*, | ) ) | Hon. Lindsay C. Jenkins |
| v. | ) ) | Consolidated with: |
| AT WORLD PROPERTIES, LLC, *et al.*, | ) ) | No. 24-cv-02399 No. 24-cv-03160 |
| *Defendants*. | ) ) ) ) ) | No. 24-cv-3356 No. 24-cv-9039 No. 24-cv-11735 No. 25-cv-04207 |
| | ) | |

**<u>PRELIMINARY APPROVAL ORDER</u>**

This matter having come before the Court for consideration of Plaintiffs' Unopposed Motion and Memorandum for Preliminary Approval of Settlements With Brokerages Opting Into the Court Approved Class Settlement Agreement (Dkt. 98) and Plaintiffs' Second Unopposed Motion for Preliminary Approval of Settlements With Parties Opting Into the Court Approved Class Settlement Agreement (Dkt. 168), the Court having reviewed in detail and considered the Motions, Plaintiffs' original Preliminary Approval Motion (Dkt. 58), the Class Settlement Agreement (Dkt. 58-1), the Opt-In Agreements, and all other papers that have been filed with the Court related to the Motions, including all exhibits and attachments to the Motions and each Opt-In Settlor's Opt-In Agreement,

IT IS HEREBY ORDERED:

1.      Unless stated otherwise, all capitalized terms used in this Order shall be defined and interpreted in accordance with the definitions in the Settlement Agreement and the Opt-In

Agreements, where applicable.

2.  Plaintiffs and the Opt-In Settlors[1] have applied to the Court for preliminary approval of their Opt-In Agreements to opt into the Court-approved Settlement, the terms of which were approved by this Court on October 16, 2025 (Dkt. 65), and have provided the Court with sufficient information to enable it to determine whether to preliminarily approve the Opt-In Agreements.

3.  Subject to further consideration by the Court at the time of final approval, the Court preliminarily approves the Opt-In Agreements with the Opt-In Settlors as falling within the range of possible final approval. The Court finds that the terms, including the amount, of each proposed Opt-In Agreement are fair, reasonable and adequate; were negotiated at arm's length by experienced counsel acting in good faith, including through multiple mediation sessions overseen by the Court-appointed Special Master for Mediation, Judge James F. Holderman (ret.), a highly experienced mediator, and the Opt-In Agreements were reached as a result of those negotiations; there has been adequate opportunity for experienced counsel to evaluate the claims and risks at this stage of the litigation; and the Court will likely be able to approve the Opt-In Agreements pursuant to Rule 23(e)(2). The Court specifically notes that the total of all settlement amounts in the Opt-In Agreements reflects a higher percentage of the Opt-In Settlors' collective Burnett, Gibson, Keel, and Hooper home seller settlements than the settlements with the Settling Defendants previously approved by this Court. Further, the number of claims resolved by the Opt-

---

[1] The Opt-In Settlors include HomeSmart International, LLC, Fathom Realty, LLC, The Keyes Company, Illustrated Properties, LLC, Anywhere Real Estate Inc., The Real Brokerage Inc., Real Broker, LLC, Vanguard Properties, Inc., Realty ONE Group Inc., Kempa and Associates LLC d/b/a Realty ONE Group Excel, Umro Realty Corp d/b/a The Agency, Hanna Holdings, Inc., Douglas Elliman Inc., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates LLC, eXp World Holdings, Inc., Compass, Inc., United Real Estate Holdings, LLC d/b/a United Real Estate Group, and The National Association of REALTORS®.

In Agreements is significantly smaller than the number of claims resolved by the Burnett, Gibson, Keel, and Hooper settlements. Specifically, the Burnett, Gibson, Keel, and Hooper settlements resolved all direct purchaser (home seller) claims plus the majority of the indirect purchaser (homebuyer) claims. The Opt-In Agreements, by contrast, resolve only the remaining minority of the indirect purchaser claims. Therefore, the Opt-In Agreements compensate indirect purchaser claims at almost the same rate as the claims previously resolved by the Burnett, Gibson, Keel, and Hooper settlements.

4.       For settlement purposes only, the Court finds that the prerequisites to class action treatment under Rule 23(a), (b)(3) and (e) of the Federal Rules of Civil Procedure – including numerosity, commonality, typicality, adequacy, superiority, and predominance – have been preliminarily satisfied as to the Settlement Class Members' claims against each Opt-In Settlor.

5.       The Court hereby reaffirms certification, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3) and (e), and for the purposes of settlement only, the following Settlement Class consisting of:

> All persons who purchased a home that was listed on an MLS anywhere in the United States where a commission was paid to any brokerage in connection with the transaction during the Class Period.

6.       The Settlement Class includes persons who purchased a home listed on any MLS, regardless of affiliation with NAR, including the Real Estate Board of New York ("REBNY"), the REBNY Residential Listing Service ("RLS"), the Northwest Multiple Listing Service ("NWMLS"), West-Penn Multi-List, Inc. ("WPMLS"), and MLS Property Information Network ("MLS PIN").

7.       Excluded from the Settlement Class are persons who submit a valid request to be excluded from the Settlement Class; persons who have separately released the Released Claims

3

against a Settling Defendant or Opt-In Settlor in a court approved class settlement in Burnett, Gibson, Keel, or Hooper, but only as to that Settling Defendant or Opt-In Settlor; the Parties' counsel; the Special Master for Mediation; the Court and staff to whom this case is assigned, and any immediate family members of the Court or its staff.

8.      For settlement purposes only, the Court preliminarily finds that each Opt-In Agreement, together with the Class Settlement Agreement, satisfies all of the prerequisites to maintenance of a class action listed in Federal Rule 23(a) and (b)(3), namely:

    a.  the members of the Settlement Class are so numerous that joinder is impracticable;

    b.  there are issues of law and fact common to the Settlement Class Members' claims;

    c.  Plaintiffs' claims are typical of the claims of the Settlement Class Members;

    d.  Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class Members;

    e.  Common issues, including whether the Opt-In Settlors entered into any conspiracy and whether the challenged practices constitute a conspiracy to restrain trade in the market for residential real estate broker services in violation of Section 1 of the Sherman Antitrust Act and analogous state laws, predominate over any questions affecting only individual members of the Settlement Class; and

    f.  settlement on a class basis is superior to other means of resolving the Settlement Class Members' claims against each Opt-In Settlor.

9.      In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced;

and (4) the desirability of concentrating the litigation of the claims in a particular forum.

10.     For settlement purposes only, the Court reaffirms its appointment of Plaintiffs James Tuccori, Courtney Foregger, Kevin Cwynar, Dawid Zawislak, Michael D'Acquisto, and Alejandro Lopez a/k/a Aleandro Lopez as Class Representatives and the following counsel as Class Counsel pursuant to Federal Rule 23(g):

Jonathan M. Jagher
Matthew W. Ruan
JUSTICE JAGHER LONDON & MILLEN LLC
100 Tri-State International, Ste. 128
Lincolnshire, IL 60069

Myles McGuire
Evan Meyers
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601

11.     The Court confirms its finding that Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class because: Plaintiffs' interests are consistent with those of Settlement Class Members; there appear to be no conflicts between or among Plaintiffs and the Settlement Class Members; Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this Litigation; and Plaintiffs and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in prosecuting class action cases, including those concerning antitrust violations.

12.     The Court recognizes that, pursuant to the terms of the Opt-In Agreements and Settlement Agreement, the Opt-In Settlors do not admit any liability for the conduct alleged and retain all rights to object to the propriety of class certification in the Litigation, in all other contexts, and for all other purposes if the Settlement is not finally approved. Therefore, if the Settlement is

not finally approved, and the Litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

13. In the event that any Opt-In Agreement does not become final and effective for any reason or is validly rescinded or otherwise terminated as provided for in the Opt-In Agreements, all proceedings had in connection with that Opt-In Agreement and any orders regarding that Opt-In Agreement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement or Opt-In Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, the Settling Defendants, the Opt-In Settlors, and the Settlement Class Members.

14. The Court reaffirms its appointment of Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator to supervise and administer the notice and claims process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement. At the appropriate time following the conclusion of the Opt-In Period, the Settlement Administrator is authorized to implement the parties' Class Notice Plan as outlined in the Declaration of Cameron R. Azari, Esq. Subject to further consideration following the filing of Plaintiffs' Notice Motion, the Court confirms its finding that the notice plan outlined in the Azari Declaration is the best notice practicable and satisfies the requirements of Rule 23 and due process.

15. The Court reaffirms its appointment of Judge James F. Holderman (ret.) of JAMS Chicago as Special Master for Mediation and who:

    a. has performed duties of conducting, supervising, and overseeing mediations with non-parties who elected to use the Special Master for Mediation pursuant to Option 1 in an effort to become an Opt-In Settlor;

b. will carry out all duties personally or through others working under the supervision of or in conjunction with the Special Master for Mediation with reasonable diligence;

c. had the authority to carry out the duties to facilitate mediations and settlements with non-parties, including the authority to require a non-party and/or its counsel to appear in person or remotely by videoconference for settlement conferences and mediations, but did not have the authority to compel any entity to make or accept any specific offer of compromise;

d. may communicate with settled parties or the Court *ex parte* to the extent required, in the exercise of the Special Master for Mediation's individual judgment, to carry out his duties;

e. is not required to preserve or file records related to the Special Master for Mediation's activities;

f. shall provide the Court reports upon the Court's request and subject to the Court's discretion; and

g. will split charges for reasonable compensation and reimbursement for expenses reasonably incurred in connection with the Special Master for Mediation's duties evenly between Settlement Class Counsel and the non-party participating in a particular mediation.

16. Pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, the Special Master for Mediation, or others working under the Specia Master's supervision, conducted separate mediations with a number of the Opt-In Settlors. The Court finds that each of

these mediations was conducted at arm's-length and in accordance with Judge Holderman's mediation procedures and the Settlement Agreement.

17. The Court confirms that the Settlement's Global Settlement Fund and the Escrow Account have been established and shall be funded and administered as a Qualified Settlement Fund in accordance with Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 and the terms of the Settlement Agreement.

18. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement and Opt-In Agreements, including with respect to Released Claims as set forth in the Settlement Agreement and Opt-In Agreements, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or proceedings against the Settling Defendants, Opt-In Settlors, or the Released Parties relating to the claims released under the terms of the Settlement Agreement and Opt-In Agreements.

19. In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator, providing his or her name and address, telephone number, signature, the name and case number of this Litigation, and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via U.S. mail must be personally signed by the person requesting exclusion. Such exclusion requests must be sent to the Settlement Administrator at the address to be specified in the Notice, by first class mail, postage prepaid, and postmarked no later than the deadline for exclusion requests under the Settlement Agreement.

20. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

21. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement or any of the Opt-In Agreements; (iii) gain any rights by virtue of this Settlement Agreement or any of the Opt-In Agreements; or (iv) be entitled to object to any aspect of the Settlement Agreement or Opt-In Agreements.

22. Class Counsel may file a motion seeking an award of attorneys' fees plus reimbursable costs and litigations expenses, as well as service awards for the Class Representatives, within 30 days after the commencement of notice and shall post such motion on the Settlement Website.

23. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement or the Opt-In Agreements, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Award to the Class Representatives, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth in the Court's subsequent order on Plaintiffs' Notice Motion. The Court specifically notes that Aaron Bolton has at various times moved to intervene in this action and sought to stay this Court's consideration of preliminary approval of certain Opt-In Settlements. But Federal Rule 23(e) already protects Mr. Bolton's right to object to the Opt-In Settlements. Therefore, the Court specifically invites Mr. Bolton, as a Settlement Class Member, to object to any aspect of any Opt-In Agreements so that this Court can consider the merits of his objection

9

before issuing a decision on final approval.

24. Any objection made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

25. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s); the objector's full name and the case name and case number(s) of the Litigation; the objector's current address, email, and phone number; the reasons why the objector objects to the Settlement along with any supporting legal authority; a list of any objections they or their counsel have filed in any state or federal court class action in the last five (5) years, identified by the name of the case, the case number, the court in which the objection was filed, and the outcome of the objection; whether or not the objector intends to appear at the final fairness hearing on the motion for final approval of the Settlement, and if so, the reasons for seeking to appear; and the objector's signature. Objections not filed and served in accordance with this Order and the Court's subsequent order regarding Plaintiffs' Notice Motion shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a service award, and to any order finally approving the Settlement and the right to appeal same.

26. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement may appear at the final approval hearing in person or through counsel to show cause why the proposed Settlement or Opt-In Agreements should not be approved as fair, reasonable,

and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Opt-In Agreements, and/or Class Counsel's fee award and/or the request for service awards to the Class Representatives are required to indicate in their written objection their intention to appear at the final approval hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the final approval hearing on their own behalf or through counsel, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the final approval hearing, which shall be attached.

27. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order, the order on Plaintiffs' Notice Motion, and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement or Opt-In Agreements in the manner provided herein, or who does not also timely provide copies to Counsel for the Settling Parties, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement and Opt-In Agreements, the releases contained therein, and all aspects of the final approval order.

28. Pending completion of the notice and claims process (including the opportunity for members of the Settlement Class to opt out of the Settlement) and this Court's ruling on a motion for final approval of the Settlement and Opt-In Agreements, members of the Settlement Class, unless they exclude themselves from the Settlement Class, are hereby temporarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member, against any Settling Defendant, Opt-In Settlor, or Released Party, any Released Claim, including, without

limitation, any and all state and federal claims regardless of the cause of action arising from or related to conduct that was or could have been alleged in the Litigation based on any or all of the same factual predicates as those claims, including but not limited to claims based on antitrust laws, consumer protection or other state laws, and/or anticompetitive conduct relating to the commissions negotiated, offered, obtained, or paid to brokerages, or the impact of the foregoing on the purchase price, in connection with the purchase of residential real estate.

29. In the Court's order on Plaintiffs' Notice Motion, the Court will schedule a final approval hearing for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Rule 23 of the Federal Rules of Civil Procedure have been met;

(b) to determine whether the Settlement and Opt-In Agreements are fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement and Opt-In Agreements should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement and Opt-In Agreements;

(d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e) to consider the application for service awards to the Class Representatives;

(f) to consider the distribution of the Gross Settlement Fund pursuant to the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

30. The final approval hearing may be postponed, adjourned, transferred or continued

by order of the Court without further notice to the Settlement Class other than through a posting on the Settlement Website. At or following the final approval hearing, the Court may enter a judgment approving the Settlement Agreement and Opt-In Agreements and a final approval order in accordance with the Settlement Agreement and Opt-In Agreements that adjudicates the rights of all Settlement Class Members.

31.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

32.     All discovery and other proceedings in the Litigation as between Plaintiffs and the Settling Defendants and Opt-In Settlors are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

ENTERED: 5/26/2026

_____
Hon. Lindsay C. Jenkins
United States District Court Judge

13