**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK TUCCORI, et al.,<br>Plaintiffs,<br>v.<br>AT WORLD PROPERTIES, LLC, et al.,<br>Defendants. | Case No. 1:24-cv-00150<br><br>Hon. Lindsay C. Jenkins |

**OBJECTOR HUANG'S SUPPLEMENTAL STATEMENT RE: REVERSE AUCTION**

Objector Shiyang Huang writes briefly regarding the reverse auction allegations. *See* Dkt. 204, Dkt. 207. *Pearson v. Target Corp.*, 968 F.3d 827, 832-34 (7th Cir. 2020).

Huang has insufficient basis to say the proposed settlement is a reverse auction, but "reverse auction" is a potential a *settlement* factor under Fed. R. Civ. P. 23(a), (b), and (e). A recent Brief *amicus curiae* of former federal judges (including one from this circuit) flagged this case to have the hallmarks of reverse auctions. That is a serious argument. Huang attaches that brief as it may be helpful under Rule 23(e) as a fiduciary of the class. *See* Exhibit A. It does not justify rejecting a $120 million settlement *per se.*

The "reverse auction" allegation is not a Federal Rules waiver for *Batton*, who filed more Professor Silver papers attacking the settlement, Dkt. 207-1, exceeding the 15-page per motion briefing limit by launching "legal arguments that should be presented to the court in counsel's analysis, not expert opinion testimony." *Roundy's Inc. v. NLRB,* 674 F.3d 638, 648 (7th Cir. 2012) (collecting cases). Judges are already *legal experts*, and Fed. R. Evid. 702 and 704 "prohibit experts from offering opinions about legal issues that will determine the outcome of a case." *Id.* The Silver declarations are inadmissible.

**Rule 23(e) must work for everyone, *including Batton plaintiffs,* or *no one.***

Although Huang noted these requirements are unduly burdensome, Huang substantially complied with this Court's preliminary approval order, Dkt. 65, to "a list of any objections they or their counsel have filed in any state or federal court class action in the last five (5) years, identified by the name of the case, the case number, the court in which the objection was filed, and the outcome of the objection[.]" *Id.* at 9. *Batton*'s footnote states that he has not objected, but *his counsel* failed to disclose any history of objections whatsoever. Dkt. 207 at 11 n.1. Thus, such "Objections not filed and served in accordance with this Order and the Court's subsequent order regarding Plaintiffs' Notice Motion shall not be received or considered by the Court." Order, Dkt. 65 at 9. *Such a rule should not have a requirement that it only applies to powerless lay class members,* not professional counsel. *Batton* also caused no class notice for its Rule 23(h) fee request.

Huang and the Iowa Attorney General will present oral argument next month as co-appellants in the Fifth Circuit, *Corrente v. Charles Schwab,* No. 25-40774 (5th Cir.). Their appeal also received a Brief *amicus curiae* from a former Ninth Circuit Chief Judge. Both Huang and Iowa had appealed from Rule 23(e) final approval, one *Batton* plaintiffs resist. But if even a State Attorney General is not entitled to bypass the Rule 23(e) process, *Batton*'s intervention (even if successful) cannot derail the Rule 23(e) process either. If *Batton* plaintiffs disagrees with the Rule 23(e) disposition, they can appeal.

If the retired jurists *amici* (Br. 20) were to be correct that the Rule 23(e) process is so flawed, that is a reason to fix the Rule 23(e) process, not for creating a VIP track that reduces Rule 23(e) to a nullity, as long as *Batton* raises a "reverse auction" slogan.

Date: September 17, 2026

Respectfully Submitted,

/s/ Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on or before September 17, 2026, I filed the foregoing via CM/ECF.

/s/ Shiyang Huang