**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES TUCCORI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AT WORLD PROPERTIES, LLC, an Illinois Limited Liability Company,<br><br>*Defendant*. | No. 1:24-cv-00150<br><br>Hon. Lindsay C. Jenkins<br><br>Related with:<br><br>No. 24-cv-02399<br>No. 24-cv-03160<br>No. 24-cv-3356<br>No. 24-cv-9039<br>No. 24-cv-11735<br>No. 25-cv-04207 |

**DECLARATION OF RANDALL P. EWING IN SUPPORT OF *BATTON* COUNSEL'S AND PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS**

I, Randall P. Ewing, Jr., hereby declare:

1. I am a Partner at the law firm of Korein Tillery LLC, counsel of record for plaintiffs in *Batton v. National Association of Realtors*, No. 21-cv-00430 (N.D. Ill.) ("*Batton I*"); *Batton v. Compass, Inc.*, No. 23-cv-15618 (N.D. Ill.) ("*Batton II*"); *Lutz v. HomeServices of America, Inc.*, No. 4:24-cv-10040 (S.D. Fla.) ("*Lutz*"); and *Davis v. Hanna Holdings, Inc.*, No. 2:24-cv-2374 (E.D. Pa.) ("*Davis*") (collectively, the "*Batton* Cases").

2. At all times relevant hereto, Korein Tillery served as co-lead counsel with Lowey Dannenberg, P.C. (together with Korein Tillery, "*Batton* Counsel") for Plaintiffs and the proposed classes in the *Batton* Cases.

3. I make this Declaration in support of *Batton* Counsel's Reply in Support of Their Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses,

and Request for Service Awards ("Fee and Expense Application") filed concurrently herewith. I have personal knowledge of the matters stated herein and, if called upon to testify to those facts, I could and would do so competently.

4. The statements herein are true to the best of my personal knowledge, information, and belief based on the books and records of Korein Tillery and Lowey Dannenberg and information received from Korein Tillery and Lowey Dannenberg attorneys and staff.

5. *Batton* Counsel never demanded that any settlement negotiations include the claims potentially released as part of the home seller settlements.

6. *Batton* Counsel were always willing to negotiate settlement of the buyer-only claims.

7. Until RE/MAX did so in Spring 2026, no *Batton* Defendant ever asked *Batton* Counsel to negotiate the settlement of only the buyer-only claims.

8. *Batton* Counsel engaged in numerous settlement discussions with several *Batton* Defendants. Every *Batton* Defendant with whom *Batton* Counsel discussed settlement now agree to pay significantly more to settle the buyer-only claims in this case than they previously offered before *Batton* Counsel defeated their motions to dismiss, acquired the data necessary to develop a damages model, and developed a class-wide damages model.

9. *Batton* Counsel excluded all time related to challenging the scope of the home seller settlements in their Motion. The excluded time that was expended in connection with the home seller settlements constitutes approximately 2,400 hours, or less than 7.5% of the total hours they performed in connection with the *Batton* Cases.

10. All of the hours submitted by *Batton* Counsel in their motion were related to advancing the buyer-only claims being settled in this case. None of that work was dependent on

the scope of the homebuyer claims at issue, and all of it would have necessarily been required to litigate the buyer-only claims even had *Batton* Counsel not challenged the scope of the releases in the home seller settlements.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of October, 2026, in Fort Lauderdale, Florida.

*Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.