**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK TUCCORI, et al.,<br>Plaintiffs,<br>v.<br>AT WORLD PROPERTIES, LLC, et al.,<br>Defendants. | Case No. 1:24-cv-00150<br><br>Hon. Lindsay C. Jenkins |

**NOTICE REGARDING THE NOVEMBER 2 FAIRNESS HEARING AND HUANG'S MOTION FOR LEAVE TO APPEAR REMOTELY**

Objector Huang respectfully checks in on his request to appear by Zoom or telephone at the November 2 hearing. Dkt. 215. He filed Dkt. 219 on September 30 in response to this Court, Dkt. 218, noting major incremental costs to him with virtually no gain for doing so. Dkt. 219 at 2. And recently, Judge Hunt has since set an October 22 telephonic hearing in *Batton* objectors' own case, invited briefings by October 15 on *whether Batton objectors' Keller Williams deal has a jurisdictional defect* by trying to settle overlapping claims while the *Burnett* settlement was on appeal. *Batton* Dkts. 374, 376.[1]

After *Batton, Tuccori*, and all defendants filed briefs, the key disputes fall into three major categories: whether *Batton* sued them at all, Dkt. 241 at 1 n.1; whether negotiations with *Batton* affected these settlements, Dkts. 236 at 3–4, 242 at 10; and whether settling with *Batton* had to include claims released in *Burnett* as Keller Williams' deal did, Dkt. 243 at 11. *Batton* objectors' categorical "reverse auction" charge invites irrelevant reviews of *each* defendant's dynamics with both sets of competing plaintiffs.

[1] Huang also recently objected to both settlement approval and fee request in *Deyerler v. HireVue, Inc.*, No. 2026LA00000141 (Cir. Ct. Lake Cnty., Ill.), involving some of the *Tuccori*'s class counsel. Its October 28 fairness hearing also permits Zoom participation.

Huang supports settlement approval under the valuation framework of *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 284–85 (7th Cir. 2002). Estimating "high, medium, low, and zero" outcomes and their probabilities may place these settlements within an acceptable "ballpark valuation." *Id.* at 285. While Huang wrote the settlements are far from remarkable, *possibility* for a better settlement is not enough under law. Still, the Court shall weigh *Batton*'s objections as a part of exercising its fiduciary discretion, or else *Batton* objectors may obtain reversal, as basis to seek fees for "securing corrections."

Huang's scrutiny remains on the fee requests. Dkt. 203. Oral argument will benefit neither issue as-is. *Cf.* FRAP 34(a)(2)(C). *Tuccori* defends a $37.9 million total request, invoking "certainty and closure" as basis to refuse itemizations to let Huang scrutinize it. Dkt. 240 at 31–34. Lodestars and expenses are not trade secrets, and while earlier declarations disclosed *some* expenses in passing, *Tuccori* continued to obscure the fee ratios, requiring a shadow-boxing between fees and expenses: if an expense is rejected, counsel can fluidly re-classify it into the fees, and vice versa. And *Batton* plaintiffs, Dkt. 220, never answered how they can draw $40 million without any Rule 23(h)(1) notice.

*Tuccori* retorts that they "cited numerous fee awards in comparable class action settlements." Dkt. 240 at 34, such as a "comparable" $99 million *fee alone* to this $120 million *case*. *Id.* Neither *Burnett* nor Professor Fitzpatrick (or his dataset) must apply the market-mimicking under *Broilers*, Dkt. 215-4, or early-stage discount in *Stericycle*. Dkt. 203 at 8. *Redman v. RadioShack Corp.* rejected having Objectors "handicapped in objecting" because "they did not have all the information they needed to justify their objections." 768 F.3d 622, 638 (7th Cir. 2014). But this record exactly leads to *Redman*.

Huang therefore again urges the Court to grant leave for him to appear remotely *if* the Court intends to cover the fee-setting issue at all, or, elect one of three pathways: (1) bifurcate settlement approval review during November 2 hearing from reviewing fee petitions at a later time, (2) defer fee hearing after *Tuccori* plaintiffs submit itemized fee-and-expense breakdowns, with opportunity for Huang to respond; or (3) deny Dkts. 195, 197 without prejudice to re-submit a properly evidenced motion, and deny *Batton* objectors' fee without prejudice until the class receives notice or *any* incremental benefit.

Date: October 12, 2026

Respectfully Submitted,

/s/ Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on or before October 12, 2026, I filed the foregoing via CM/ECF.

/s/ Shiyang Huang