**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| James Tuccori, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>At World Properties, *et al.*,<br><br>*Defendants*. | No. 24 CV 150<br><br>Judge Lindsay C. Jenkins |

## Order

In connection with its consideration of Plaintiffs' motion for final settlement approval, the court requests further information on the following five topics:

(1) Given that the home seller settlements resolved both home buyer and home seller claims and accounted for context-specific factors like ability to pay, whether and how those settlements provide a good benchmark for assessing the substantive adequacy of the proposed settlements here. This includes information on the support for any assumptions about relative class size and the value of seller versus buyer claims that underlie the comparison. On this topic, the court emphasizes a concern raised at the hearing—namely that resolving 1/8 of all claims for 1/8 of what you paid to resolve the other 7/8 of all claims does not imply you valued the 1/8 and 7/8 equally on a per claim basis.

(2) How each settling Defendant's or Opt-in's ability to pay and transaction volume influenced their proposed settlement.

(3) Apart from the home seller settlements, the information from which the court can arrive at the "net expected value of continued litigation," including potential recoveries at trial. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 285 (7th Cir. 2002).

(4) Any relevant benchmarks for substantive adequacy from other indirect purchaser class actions.

(5) An estimation of per claimant and per class member recovery based on the proposed settlements.

Any party wishing to address one or all of these topics must submit a brief by December 14, 2026. The court does not anticipate receiving individual briefs from each Defendant or Opt-in, and instead encourages joint submissions to the extent possible. Any objector is free to submit a brief. To the extent any party believes any

of this information would implicate mediation privilege, they can file the appropriate motion requesting to submit certain material *in camera*.

After reviewing the submissions, the court will indicate if responses are required.

Enter: 24-cv-150
Date: November 6, 2026

Lindsay C. Jenkins